## THOMAS v. GWYN.

### (Filed December 9, 1902.)

1. BURDEN OF PROOF—*Principal and Agent—Agency—Commissions—Rents.*

Where a principal sues an agent for rents collected, and the agent admits the collection, and alleges that the rents are retained as commissions, the burden of establishing the right to the commissions is on the agent.

2. AGENCY—*Principal and Agent—Contracts.*

Where no term is fixed for the continuance of a contract, either party may terminate it at will.

3. PAYMENTS—*Principal and Agent—Estoppel.*

The acceptance by a principal of a check from an agent, accompanied by a letter recognizing the fact that such check will not be a full settlement unless so accepted by the principal, does not estop the principal from claiming a balance.

4. AGENCY—*Principal and Agent—Rents—Lease.*

Agents who manage realty are not entitled on the termination of the agency to retain commissions on rents to accrue in the future from leases made by them.

ACTION by Mary W. Thomas against W. B. Gwyn and another, heard by Judge *W. B. Councill* and a jury, at September Term, 1902, of the Superior Court of BUNCOMBE County. From a judgment for the plaintiff, the defendants appealed.

*T. F. Davidson* and *Thos. A. Jones,* for the plaintiff.
*Merrimon & Merrimon,* for the defendants.

CLARK, J. The plaintiff alleges that the defendants were her agents to collect rents for her houses, and had collected up to 31 December, 1894, the sum of $366.90, which is due her, but which they refuse to pay over. The defendants admit

the retention by them of said sum, collected by them as alleged in the complaint, but aver that the plaintiff owes them for commissions and services for which they have retained said sum. The Court properly held that the burden of proof was upon the defendants, for if no proof had been introduced on either side, upon the admission in the answer of the collection of $366.90 of plaintiff's money and retention of the same, nothing else appearing, the plaintiff would be entitled to recover. *Cook v. Guirkin*, 119 N. C., 13.

The defendants dissolved partnership, and offered that one of them would collect part of the rents thereafter, and the other the other part. The plaintiff declined this proposition, and discontinued the agency, as she had a right to do. *Abbott v. Hunt*, 129 N. C., 403. The defendants then sent sent in a statement of account, charging commissions on rents which would thereafter fall due on leases made by them, and deducted therefor $366.90, sending the plaintiff a check for the difference. The defendants now claim that the acceptance of said check is an estoppel upon the plaintiff to claim the balance, and rely upon *Ore Co. v. Powers*, 130 N. C., 152 and cases there cited. But they are not in point. In those cases, the check or draft was sent with a statement therein, or in the letter, that it was in full settlement, and the creditor accepted it, or used it, without demur. In the present case, the defendants, in their letter of transmission, recognize that the check will not be a full settlement, unless so accepted by the plaintiff, and say therein: "We can not, as a matter of course, undertake to predict with absolute certainty what a court of law will decide, but whatever is decided we will have to abide by. Decision adverse to us would not shake our firm belief in our moral right to this money." The plaintiff promptly notified the defendants that she accepted the draft only "on account," and reserved the right to collect the balance of $366.90, which had been retained as commissions on future rents.

THOMAS *v.* GWYN.

The only point in the case, therefore, is as to the right to retain these commissions on future rents. These rents may or may not be collected. There was no contract shown authorizing such charge, and it would not arise by implication. The agents who shall hereafter collect them will, of course, charge therefor, and if the original agents can also charge, that would throw an additional charge upon the owner whenever an agent is changed. It was in evidence for the defendants, by one of themselves: "We never had any formal contract of any kind. I was asked to take charge and collect the rents, and I did so, and retained five per cent in all cases," and this course of dealing had continued eleven or twelve years. On cross-examination, he said it was usual to collect this commission "as the rents accrued," and that they had deducted five per cent on all the rents they had collected; that the $366.90 was five per cent on rents thereafter to accrue. He said that five per cent covered the trouble of securing a tenant and drawing up the lease, collecting and remitting rents, and keeping a supervision of the property and keeping it in repair. As all these duties terminated with the termination of the agency, save the first named, there could be no implied contract or *quantum meruit* to justify a charge of five per cent on rents not yet accrued, and as the defendants' testimony fails to show that the plaintiff was informed of any custom to that effect, and there was no express contract authorizing it, his Honor properly sustained the demurrer to the defendants' evidence.

No Error.