T. H. WILLIAMS AND WIFE, DORA, v. BLANCHE HONEYCUTT, ADMX. AND
WIDOW OF R. A. HONEYCUTT, AND ADOLPH HONEYCUTT AND OTHER
HEIRS AT LAW OF R. A. HONEYCUTT.

(Filed 25 September, 1918.)

1. **Trusts—Parol Trusts—Declarations—Evidence.**
    A parol trust may be engrafted upon the title of a purchaser of land at
    a mortgage sale; and where the evidence is clear, cogent, and convincing,
    testimony of the declarations of purchaser, made after the sale and trans-
    mission of the legal title to himself, is not incompetent because resting in
    parol.

2. **Pleadings— Evidence— Variance— Trusts— Parol Trusts— Principal and
    Agent.**
    Where the complaint in a suit to engraft a parol trust upon the legal
    title of a purchaser at a mortgage sale of land sufficiently alleges that the
    land belonged to the wife, and that the negotiations resulting in the trust
    were made by the husband with such purchaser, acting as his wife's agent,
    evidence of the transactions so made in the wife's behalf is not variance
    with the pleadings and objectionable on the ground of a fatal variance
    between the allegation and the proof.

3. **Same—Judgments.**
    Where the wife has commenced suit to engraft a parol trust in her
    favor on the title of a purchaser at a mortgage sale of her lands, and it
    appears that the agreement was made between the purchaser and her hus-
    band as her agent, and the wife has since died and the action maintained
    by her husband and heirs at law: *Held*, the fact of the husband's agency
    is immaterial, as the judgment in plaintiff's favor will bind the parties.

4. **Principal and Agent—Undisclosed Principal—Contracts—Actions.**
    It is unnecessary that the name of a principal be disclosed for him to
    maintain an action on a contract made by his agent in his behalf.

ACTION tried before *Whedbee, J.,* at March Term, 1918, of CHATHAM.
From judgment of nonsuit plaintiffs appealed.

*R. O. Everett and R. H. Hayes for plaintiffs.*
*Dawson, Manning & Wallace, Bryant & Brogden,. Siler & Barber,*
*R. H. Dixon, and H. M. London for defendants.*

BROWN, J.   The plaintiffs seek to establish a parol trust in favor of
Dora Williams, wife of plaintiff F. H. Williams, and to convert defend-
ants, heirs at law of R. A. Honeycutt, into trustees for her benefit.
Dora Williams died pending the action, and her heirs at law have been
made parties plaintiff.

They allege that certain lands described in the complaint, belonging
to Dora Williams, were sold under the power of sale contained in a deed
in trust to R. O. Everett, trustee, and bid off by R. A. Honeycutt; that

he purchased them for plaintiff F. H. Williams and under an agreement made at time of sale or prior thereto that the said plaintiff should repay to Honeycutt the amount of the indebtedness secured on said land; that plaintiffs have tendered the amount advanced by Honeycutt in paying off all the mortgage debts on the land, and defendants refused to accept same and to convey the property; that the property is worth $8,000 or $10,000, a sum very largely in excess of the liens upon the same.

For the purpose of establishing the trust, plaintiffs introduced several witnesses who testified to declarations made by Honeycutt. These declarations, along with the other evidence, are competent and tend to prove that he purchased the land in pursuance of an agreement with plaintiff F. H. Williams, and that Honeycutt was acting for him, and were properly admitted in evidence.

It is undoubtedly true that a beneficial interest or estate in real property cannot be conveyed by parol, but the declarations of Honeycutt are evidently offered for no such purpose. Declarations of Honeycutt made after the sale and transmission of the legal title are competent to prove the previous agreement between Williams and Honeycutt, as much so as they would be competent to prove any preceding act of the declarant. That a trust such as is sought to be created in this case may be established by parol evidence, that is clear, cogent and convincing, is too well settled to admit of dispute. *Avery v. Stewart,* 136 N. C., 426; *Sykes v. Boone,* 132 N. C., 199; *Cobb v. Edwards,* 117 N. C., 246.

Nor do we think there was a fatal variance between the pleadings and proof. The complaint alleges with sufficient clearness that the land belonged to the wife, and that in the negotiations with Honeycutt to save her property the husband was acting for her and as her agent. That is set out and admitted in the complaint. As the husband and the heirs of the wife are parties plaintiff, it is a matter that does not concern defendants as to whether the husband was acting for himself or his wife. They will all be bound by the decree that may be rendered.

It is fair to presume that the husband was not endeavoring to save his wife's land for his own exclusive benefit and to rob her of it. In order to bind Honeycutt it is not necessary that he should have known that Williams was acting in behalf of his wife. The right on a principal to maintain an action to enforce a contract made by his agent in his own name without disclosing the name of the principal is well settled. *Cowan v. Fairbrother,* 118 N. C., 406; *Oelrichs v. Ford,* 21 Md., 489; *Barbour v. Bell,* 112 N. C., 133. The principle is stated and the subject discussed in *Nicholson v. Dover,* 145 N. C., 19.

It is to be noted here, as in that case, that the personality of Mrs. Williams is not the ground of the refusal to perform the agreement, but the defendants deny there was any such agreement.

The judgment of nonsuit is set aside and the cause remanded for trial upon proper issues.

Reversed.