R. H. GILLESPIE ET AL. v. SARAH GILLESPIE ET AL.

(Filed 22 January, 1924.)

**1. Deeds and Conveyances—Delivery—Intent.**

Whether a deed has been delivered does not depend exclusively upon the question of its physical delivery. Both the delivery and the intent to deliver are necessary.

**2. Parol Trust—Quantum of Proof.**

In order to engraft a parol trust upon a deed which is absolute in form, the proof must be clear, cogent, and convincing.

APPEAL by defendant from *Bryson, J.,* at August Term, 1923, of MACON.

L. F. Gillespie and Samantha Gillespie intermarried on 21 December, 1871; she died on 14 October, 1897, and on 6 March, 1898, he married Sarah Tallent. The plaintiffs are the children born of the first marriage and the defendants are Sarah (the widow) and her children, born of the second marriage.

On 5 June, 1874, John Gillespie and his wife conveyed certain tracts of land to L. T. Gillespie, and on 17 November, 1879, J. G. Crawford, commissioner appointed to sell lands belonging to the estate of Elisha Gillespie, deceased, conveyed other tracts to L. R. Gillespie. On . . March, 1923, L. T. Gillespie executed a paper purporting to be a deed to Sarah Gillespie, his second wife, and Theodore, their son, conveying tracts therein described.

In their complaint the plaintiffs alleged that L. T. Gillespie did not have sufficient mental capacity to execute this deed, that its execution was procured by fraud and undue influence, and that it was never delivered. They further alleged that the lands described in the deed ·from Crawford, commissioner, to L. T. Gillespie were a part of the estate of Elisha Gillespie, and that all the purchase-money was paid by Samantha Gillespie, the first wife, out of her sole and separate estate, and that L. T. Gillespie held the title to these tracts as trustee, and that the defendants have no other interest therein.

The defendants put in issue the material allegations and pleaded the ten-year, the seven-year, and the three-year statute of limitations.

In answer to the first issue the jury found that the deed to the defendants had never been delivered, did not answer the issues as to mental capacity and undue influence, and found also, in answer to the fourth issue that the purchase-money for the land described in the deed from Crawford, commissioner, was paid out of the separate estate of

Samantha, the first wife. Upon these findings the court held that the action was not barred by the statute of limitations. The defendants appealed.

*T. J. Johnson and Frye & Randolph for plaintiffs.*
*Ray & Ray and A. W. Horne for defendants.*

ADAMS, J. The defendants requested an instruction that the jury should answer the first issue in the affirmative if they believed the evidence of Carl Slagle and Fred Slagle. We think the instruction was properly refused. Whether a deed has been delivered in the legal sense is not dependent exclusively upon the question of its manual or physical transfer from the grantor to the grantee, but also upon the intent of the parties. Both the delivery of the instrument and the intention to deliver it are necessary to a transmutation of title. Upon the evidence adduced, the ultimate question of delivery was therefore properly submitted to the jury. *Gaylord v. Gaylord,* 150 N. C., 222; *Fortune v. Hunt,* 149 N. C., 358; *Tarlton v. Griggs,* 131 N. C., 216.

We are of opinion, however, that there is error in the following instruction upon the fourth issue: "As to this issue, the burden is cast upon the plaintiffs as in the preceding issue to satisfy you by the greater weight of the evidence that the land described in the commissioner's deed alluded to was purchased with the separate personal estate of their mother, Samantha."

In *McNair v. Pope,* 100 N. C., 404, it is said that under our former practice an equity could not be set up in opposition to a positive denial unless it had more substantial support than the testimony of a single witness, and that this rule, although it does not now prevail, affords an analogy in the quality of proof necessary to set up a denied equity. Hence it is held that where a deed is absolute in form, conveying upon its face the legal and equitable title, a trust therein must be established by proof which is clear, strong, and convincing. A mere preponderance of the evidence is not sufficient. *Lefkowitz v. Silver,* 182 N. C., 339; *Williams v. Honeycutt,* 176 N. C., 102; *Boone v. Lee,* 175 N. C., 383; *McWhirter v. McWhirter,* 155 N. C., 145; see note, 23 A. L. R., 1511.

We should hesitate to say that there is no evidence to support the answer to the fourth issue; and where there is any evidence whether it is clear, cogent, and convincing, the jury, not the court, must determine. *Cunningham v. Long,* 186 N. C., 526.

As to the first issue, we find no error; upon the fourth, the defendants are entitled to a new trial.

Partial new trial.