JESSE HARRIS v. G. C. KENNEDY.

(Filed 30 March, 1932.)

**Compromise and Settlement A a—Acceptance. of check purporting to be in full settlement of disputed account discharges the debt.**

Where a statement is sent of a disputed account showing a balance due in a certain amount accompanied by a check therefor purporting to be in full settlement, the payee by accepting the check and receiving the money effects a settlement and is bound thereby in the absence of fraud, etc.

APPEAL by plaintiff from *Daniels, J.,* and a jury, at October Term, 1931, of ORANGE. No error.

On 11 October, 1930, the defendant, G. C. Kennedy, sent the plaintiff, Jesse Harris, a statement and a check for $33.30. The following is a copy of the statement and check:

"Hillsboro, N. C., R. 2, 11 October, 1930.

Mr. Jesse Harris, Rougemont, N. C.

In account with G. C. Kennedy.

| | | |
|---|---:|---:|
| Price of timber | | $ 600.00 |
| To check | $  100.00 | |
| To check | 100.00 | |
| To 15,591 ft. 4x4 oak at $20.00 per M. on the yard | 311.82 | |
| Sawed 9,147 ft. at $6 per M. | 54.88 | |
| Check to balance | 33.30 | |
| | | $ 600.00 |

CHECK.                                          No. 928.

Hillsboro, N. C., 11 October, 1930.

The Bank of Orange.

Pay to the order of Jesse Harris ......... ............... .......... ... .........$33.30

Thirty-three and 30/100 dollars.

G. C. Kennedy.
By Mrs. G. C. K."

The check was endorsed by plaintiff and cashed by plaintiff at the Fidelity Bank of Durham, N. C., on 13 October, 1930, and paid by the Bank of Orange on 13 October, 1930.

The court below charged the jury as follows: "The court charges you that if you find from the evidence, and by the greater weight, that on 9 October, 1930, the plaintiff, through his counsel, demanded of the defendant a settlement of the account then existing between plaintiff and defendant, and that thereafter on 11 October, 1930, the defendant sent to the plaintiff a written statement of the account, showing a balance due by the defendant to the plaintiff of $33.30, and accompanying said statement sent a check payable to the plaintiff for the said sum of $33.30, and that the plaintiff received said check and statement, and cashed said check and received the money thereon, knowing that said check was sent to him by the defendant in full payment and settlement of the account as shown on said written statement furnished by the defendant, then, the court charges you that the acceptance of said check under such circumstances by said plaintiff would be in law a full settlement and payment of the account then existing between them, and a complete defense to this action, it would then be your duty to answer the issue 'Nothing.'" To the foregoing charge plaintiff excepted, assigned error and appealed to the Supreme Court.

The issue submitted to the jury and their answer thereto were as follows: "In what amount, if any, is the defendant indebted to the plaintiff? Answer: Nothing."

*R. O. Everett for plaintiff.*
*Graham & Sawyer for defendant.*

CLARKSON, J. We think the charge of the court below correct. There was a dispute between plaintiff and defendant. The letter from defendant to plaintiff set forth what he owed plaintiff and enclosed check for $33.30, and in the letter he stated "check to balance." Plaintiff cashed the check.

*Hardware Co. v. Farmers Federation,* 195 N. C., 702, is a case on "all fours," at p. 704 the law is stated as follows: "In *Ore Co. v. Powers,* 130 N. C., 152, 41 S. E., 6, the debtor sent a check to a creditor by letter which stated: 'We enclose you check for $3,210.46, which balances account with your good self.' This Court upon such fact declared the law to be: 'Having accepted the check with a statement in the letter that it was for balance in full and cashed the check, the plaintiff is bound thereby in the absence of evidence of fraud or other conduct on the part of the defendants to relieve the plaintiff from the effect of its acceptance of the check in full payment.' *Thomas v. Gwyn,* 131 N. C., 460, 42 S. E., 904; *Armstrong v. Lonon,* 149 N. C., 434, 63 S. E., 1011; *Aydlett v. Brown,* 153 N. C., 334, 69 S. E., 243." In the judgment of the court below we find

No error.