JAMES A. PETERSON AND E. F. WATSON, TRUSTEE FOR J. G. WILSON AND
JAMES A. PETERSON, v. CLYDE TAYLOR, ROBERT RANDOLPH,
AND ELIZABETH ENGLISH.

(Filed 14 December, 1932.)

**Evidence C e: J c—Parol trust docs not come within statute of frauds
and may be established by clear, strong and convincing proof.**

The creation of a parol trust in the sale of land is not within the statute
of frauds and may be established by evidence that is clear, strong and
convincing, but an instruction that the preponderance of the evidence
would be sufficient constitutes reversible error.

APPEAL by plaintiffs from *Clement, J.,* at February Term, 1932, of
YANCEY.

Certain judgments were recovered against several defendants, one of
whom was S. L. (or Louis) English, and were entered upon the judg-
ment docket in 1919 and 1923 respectively of the Superior Court of
Yancey County. These judgments were satisfied by some of the defend-
ants and, in order to preserve the lien against the others, were assigned
by the payees to E. F. Watson, as trustee.

Ashbury Jamerson executed and delivered to S. L. Sparks a mortgage
deed on real estate, and on 13 March, 1926, the mortgagee exposed the
land to public sale under the power contained in the mortgage and con-
veyed the land to S. L. English.

Frank Hensley executed to the Citizens Bank of Yancey a mortgage
on land, which was foreclosed under the power, and on 1 October, 1923,
the mortgagee conveyed this land to S. L. English. English afterwards
conveyed a part of the land to Clyde Taylor and a part to Robert
Randolph.

The plaintiffs claimed that the land was subject to the lien of the
judgments, the defendants claiming on the other hand that Louis Eng-
lish took a conveyance of the land under a parol trust to convey it to
the defendants, and that he did not acquire and could not convey the
property free from the trust. Elizabeth English is the widow of Louis
English.

The jury returned the following verdict:

1. Did S. L. Sparks, mortgagee, convey the land described in the
complaint to Louis English as trustee for Clyde Taylor? Answer: Yes.

2. Did the Citizens Bank of Yancey convey the lands described in the
complaint to Louis English as trustee for Robert Randolph and wife?
Answer: Yes.

Judgment for defendants; appeal by plaintiffs.

22—203

*Watson & Fouts for appellants.*
*Charles Hutchins and R. W. Wilson for appellees.*

ADAMS, J. The creation of a parol trust in the sale of real property is not within the statute of frauds but it must be established by evidence which is clear, strong, and convincing, a mere preponderance being insufficient. *Hemphill v. Hemphill,* 99 N. C., 436; *McNair v. Pope,* 100 N. C., 404; *Harding v. Long,* 103 N. C., 1; *Summers v. Moore,* 113 N. C., 394; *Cobb v. Edwards,* 117 N. C., 245; *Kelly v. McNeill,* 118 N. C., 349; *Avery v. Stewart,* 136 N. C., 426; *Jones v. Jones,* 164 N. C., 320; *Gillespie v. Gillespie,* 187 N. C., 40.

The issues submitted necessarily implied the existence of a trust. The instruction that the question of a trust should be determined by a preponderance of evidence entitles the appellant to a new trial.

The defendants contend that the judgments are paid and canceled and there seems to be ground for this position, but there is also evidence that they were assigned to a trustee. The facts may be more fully developed in another trial. We think there is sufficient evidence of the trust to call for the intervention of the jury. *Gillespie v. Gillespie, supra.* For error in the instruction there must be a

New trial.