J. H. HENLEY v. FLOYD H. HOLT AND MARY ELIZABETH HOLT.

(Filed 9 November, 1938.)

1. Contracts § 22—

While prior negotiations are merged in the contract, evidence of prior negotiations may be competent to show the intent of the parties or the actual contract.

2. Evidence § 24—

Evidence need not bear directly on the question in issue, but is competent if it shows the circumstances surrounding the parties necessary to an understanding of their conduct and motives and the reasonableness of their contentions.

3. Trusts §§ 1b, 7—In an action to establish a parol trust evidence of prior negotiations and conduct of parties is competent.

Plaintiff instituted this action to establish a parol trust, contending that he owned lands subject to a deed of trust, and that after foreclosure it

was agreed by him and defendant, his former tenant, that defendant should buy the property back from the *cestui que trust* who purchased the property at the foreclosure sale, apply a portion of the crop to the payment of taxes and the debt each year, and reconvey to plaintiff when the debt was discharged, in consideration of plaintiff's agreement to sell him a portion of the lands and a certain other tract of land. *Held:* Although the alleged agreement was made after foreclosure, evidence of negotiations prior to foreclosure when it was contemplated that plaintiff should allow the property to be foreclosed and that defendant should purchase at the sale for the benefit of plaintiff, and evidence that defendants, after foreclosure, admitted they held title as trustees under the agreement, made no claim to the land when plaintiff and his surveyor came upon the land to divide same in accordance with the agreement, and other evidence of the conduct of defendants before and after the sale, *is held* competent to show the intention of the parties and the reasonableness of plaintiff's contention, and the exclusion of such evidence from the jury's consideration is prejudicial error.

**4. Appeal and Error § 41—**

When a new trial is awarded on certain exceptions relating to the exclusion of evidence, other exceptions relating to matters which may not arise on the subsequent hearing need not be considered.

APPEAL by plaintiff from *Williams, J.,* at February Term, 1938, of LEE.

Civil action to establish a parol trust to the end that the defendant be declared trustee for plaintiff as to the title of the Henley home place in Lee County, North Carolina.

Plaintiff owned a tract of land containing 85 acres, more or less, known as the Henley home place in Lee County, subject to the lien of a deed of trust dated 1 July, 1925, and executed by plaintiff and his wife to secure an indebtedness in the sum of $2,000 due to the Atlantic Joint Stock Land Bank.

In 1926 plaintiff rented the said land to the defendant Floyd H. Holt, who has since resided thereon.

Plaintiff defaulted in payment of the said indebtedness. The deed of trust was thereafter foreclosed and the land was sold in May, 1933. The Land Bank became the purchaser, and later in 1933 conveyed the land by deed to the defendants.

Plaintiff alleges that after the foreclosure sale he entered into an agreement with the defendant Floyd H. Holt, by which he, Holt, in his own name but as trustee for the plaintiff, should seek to redeem the said land, and that title should be taken in the name of the defendant Floyd H. Holt, who should hold the same as trustee and, remaining thereon as tenant, pay one-fourth of the crops on the taxes, insurance and the unpaid balance of the indebtedness, and convey the land to plaintiff on demand. The reason assigned for this was his belief that Holt could

13—214

secure a more advantageous price than he. The consideration of this trust agreement in accordance with plaintiff's contention was an agreement on his part to convey to the defendant Floyd H. Holt, upon the final· discharge of the indebtedness against the property, two tracts of land, 40 acres of the land in question and another tract of 11½ acres, upon payment to him of the proportionate cost of such tracts.

Plaintiff further alleges that the defendant, thereafter in accordance with their agreement, purchased the land from the Land Bank for the sum of $1,800—$300 in cash and the balance secured by mortgage or deed of trust; that the $300 cash payment represented plaintiff's share of the 1933 crops from said land; and that the balance of the indebtedness due to the said Land Bank was refinanced through the Federal Land Bank of Columbia by the defendant Floyd H. Holt, under direction of the plaintiff. Plaintiff alleges that one-fourth of the crops for the years 1934, 1935 and 1936 were sufficient to pay off the indebtedness, and that the defendant now refuses to carry out the trust.

Defendants deny that trust agreement was entered into with the plaintiff, and contend that they purchased the land in question after the foreclosure in their own right, and that plaintiff has no interest in the lands or in the rents therefrom.

Upon the trial several issues were submitted to the jury. Only the first was answered. That issue and the answer thereto are as follows:

"1. Did the defendant Floyd H. Holt agree, at or before receiving the conveyance from the Atlantic Joint Stock Land Bank, to take title to the Henley home place, described in the complaint, in trust for the joint benefit of plaintiff and himself, as alleged in the complaint? Answer: 'No.' "

From judgment declaring defendants to be the owners of the land known as the Henley home place, plaintiff appeals to the Supreme Court and assigns error.

*Gavin & Jackson, D. B. King, and K. R. Hoyle for plaintiff, appellant.*

*D. B. Teague and Varser, McIntyre & Henry for defendant, appellees.*

WINBORNE, J. The principal question raised on this appeal is whether the plaintiff was prejudiced on the trial below by the exclusion of proper evidence for the consideration of the jury on the determinative issue. We think so.

Plaintiff seeks to establish a parol trust, alleging that he and defendant Floyd Holt entered into a trust agreement after the foreclosure sale, whereby the land was to be purchased by Holt for the benefit of the plaintiff. Considerable evidence offered by plaintiff tending to show

negotiations and agreements with Holt concerning the purchase of the land, prior to the foreclosure, was excluded because plaintiff had alleged an agreement made after the foreclosure. Plaintiff contends that while the final agreement was concluded after the foreclosure, the negotiations leading to it began long prior thereto, and that he has a right to show these preliminary negotiations and agreements, and to show what was done pursuant thereto, as the basis for the final trust agreement. To this end he asked to be allowed to amend his complaint so as to allege the preliminary negotiations. This the judge, in the exercise of his discretion, refused to permit. C. S., 547; McIntosh, N. C. Prac. & Proc., p. 513. However, the judge did permit the filing of a more restricted amended complaint, and it was upon the latter that the case was tried. *Speas v. Greensboro,* 204 N. C., 239, 167 S. E., 807.

In the course of the trial the judge below excluded plaintiff's evidence tending to show the following: (1) That prior to the foreclosure sale plaintiff and defendant Floyd Holt agreed that plaintiff should consent to a foreclosure, defendant Holt agreeing to bid in the property, to hold title until the purchase price had been paid, and finally to purchase for himself from plaintiff a part of this property; (2) that long after defendants allege they had bought the farm, plaintiff brought a surveyor to the farm to run certain boundary lines and plaintiff and the surveyor discussed with both defendants the proposed survey, neither of defendants then made any claim to any interest in the farm; (3) that when defendant Floyd Holt gave plaintiff the receipt for the down payment of the purchase price, Holt admitted that he held the land as trustee under a parol trust for the benefit of plaintiff; (4) that witness Sykes heard plaintiff and defendant Floyd Holt state the terms of the trust agreement in the presence of each other, and that, on several other occasions, he heard defendant Holt admit that he held title to the farm in trust for plaintiff; and (5) that witness Cole knew the terms of the trust agreement between plaintiff and defendant Holt; that he discussed the trust agreement with representatives of the Land Bank both before and after the foreclosure sale and that they were favorable to the sale of the land to Holt to be held in trust for plaintiff; that he, Cole, had, and was ready to furnish to plaintiff the money demanded by the Land Bank as down payment on the purchase of the farm; that he, Cole, was present at the foreclosure sale ready to bid in the farm for plaintiff and would have done so but for the trust agreement which he then knew existed between plaintiff and defendant Holt.

"Anything which shows the intention or the actual contract of the parties is material, and any evidence which goes to show the real intention of the parties is admissible whether it be by way of conduct or documentary in nature." 34 Cyc., 980, quoted in *Potato Co. v. Jeanette,*

174 N. C., 236, 93 S. E., 795. As stated by *Allen, J.,* in *Bank v. Stack,* 179 N. C., 514, 103 S. E., 6: "It is not required that the evidence should bear directly on the question in issue, but it is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known to properly understand their conduct or motives, or to weigh the reasonableness of their contentions."

In *Potato Co. v. Jeanette, supra,* this Court said: "While negotiations leading to the execution of the contract are merged in it at law, they are competent in equity to show what was the real agreement, for the purpose of correcting the instrument and doing justice." Quoted with approval in *Ollis v. Board of Education,* 210 N. C., 489, 187 S. E., 772. In the case in hand there is no instrument, but the rule applies with equal force to the proof of an oral contract.

We cannot say that this excluded testimony did not prejudice plaintiff's case, as the jury found that there was no trust agreement between plaintiff and defendant Floyd Holt. What the jury would have found had this excluded testimony been admitted is a matter for speculation. We think, however, that plaintiff is entitled to an opportunity to present testimony of this character to the jury.

The exceptions bearing upon the class of excluded testimony cover in the main the subject matter of the 263 assignments of error. We do not deem it necessary to consider other assignments, as the matters to which objection is there made may not recur on another trial.

New trial.