J. H. HENLEY v. FLOYD H. HOLT ET AL.

(Filed 6 May, 1942.)

1. **Trusts § 18c—**

   A party seeking to engraft a parol trust upon the legal title has, in accordance with the general rule as to the intensity of proof necessary to obtain relief against the apparent force and effect of a written instrument, the burden of establishing his alleged parol trust by evidence clear, strong and convincing.

**2. Same—In action to engraft parol trust on deed from third person to defendant, the deed itself does not create presumption against plaintiff.**

　　Plaintiff trustor alleged that he permitted the deed of trust to be foreclosed pursuant to an agreement with defendant that defendant would purchase at the sale, apply the value of the crops raised on the land to the debt, and reconvey to plaintiff when the debt was discharged. *Held:* An instruction to the effect that the jury might consider the "inadvertence" in failing to have a declaration of the trust inserted in the deed from the trustee to defendant, or in some written memorandum, and that the deed itself created a presumption against the existence of the trust, which plaintiff had the burden of overcoming by evidence clear, strong and convincing, places too heavy a burden upon plaintiff and entitles him to a new trial.

BARNHILL, J., dissenting.

DEVIN, J., joins in dissenting opinion.

APPEAL by plaintiff from *Johnson, Special Judge,* at September Term, 1941, of LEE.

Civil action to establish a parol trust in lands, tried upon the following issues:

"1. Did the defendants, Floyd H. Holt and wife, Mary Elizabeth Holt, take title to the lands in controversy impressed with a trust in favor of the plaintiff, as alleged in the complaint? Ans.: 'No.'

"2. If so, is the plaintiff estopped to assert the said trust, as alleged in the answer? ..... ......."

From judgment on verdict, the plaintiff appeals, assigning errors.

*K. R. Hoyle for plaintiff, appellant.*

*D. B. Teague and Varser, McIntyre & Henry for defendants, appellees.*

STACY, C. J. This is the same case that was before us on plaintiff's appeal at the Fall Term, 1938, reported in 214 N. C., 384, 199 S. E., 383, where the facts are set out and to which reference may be had to avoid repetition.

　The trial court properly instructed the jury that the plaintiff was required to establish the parol trust, upon which he relies, by evidence clear, strong and convincing. *Wilson v. Williams,* 215 N. C., 407, 2 S. E. (2d), 19; *Peterson v. Taylor,* 203 N. C., 673, 166 S. E., 800; *Gillespie v. Gillespie,* 187 N. C., 40, 120 S. E., 822; *Cunningham v. Long,* 186 N. C., 526, 120 S. E., 81; *Williams v. Honeycutt,* 176 N. C., 102, 96 S. E., 730; *Avery v. Stewart,* 136 N. C., 426, 48 S. E., 775; *Harding v. Long,* 103 N. C., 1, 9 S. E., 445; *Ely v. Early,* 94 N. C., 1. The general rule is, that in civil matters the burden of proof is usually carried by a preponderance of the evidence, or by its greater weight. In a number of cases, however, as where, for example, it is proposed to correct a mistake in a deed or other writing, to restore a lost deed, to

convert a deed absolute on its face into a mortgage, to engraft a parol trust on a legal estate, to impeach the probate of a married woman's deed, to establish a special or local custom, and generally to obtain relief against the apparent force and effect of a written instrument on the ground of mutual mistake, or other similar cause, the evidence must be clear, strong and convincing. *Waste Co. v. Henderson Bros.*, 220 N. C., 438; *Williams v. B. & L. Asso.*, 207 N. C., 362, 177 S. E., 176; *Speas v. Bank*, 188 N. C., 524, 125 S. E., 398; *Montgomery v. Lewis*, 187 N. C., 577, 122 S. E., 374. So, here, the plaintiff has the laboring oar to establish the parol trust by evidence clear, strong and convincing.

In this connection, the jury's attention was directed to the following considerations:

1. "The security of land titles requires the adoption of this rule of evidence and it cannot be said to impose an undue hardship upon him who alleges the existence of the trust who by his own inadvertence has failed to have the declaration inserted in the deed or in some written memorandum so as to be able to furnish indisputable evidence."

2. "In passing upon the existence or non-existence of such agreement (the oral agreement set out in the complaint) . . . you have a right to consider that the deed does not contain any reference to the plaintiff Henley and does not contain any stipulation providing for his interest . . . that such deed is itself constructive notice. . . . You have a right to consider such registration as notice, together with the defendant's contention that if the plaintiff had considered himself the beneficiary of any such agreement he would have immediately inquired of Holt why the deed did not contain any reference to his contention that there was an agreement to hold the land for him," etc.

3. "In arriving at your verdict on the first issue, . . . and in considering whether or not such contract was subsisting, that is, outstanding, when the deed was made to Holt and wife, . . . you may consider . . . for whatever probative force it may have, the negotiations prior to foreclosure . . . whether the lines and boundaries were or were not definitely established . . . whether he abandoned his efforts to redeem and assented that the land should be sold," etc.

It thus appears that the failure to protest because the deed contained no reference to the oral agreement was used as a circumstance against the plaintiff, as was also the suggestion that the lines and boundaries had not been definitely established. And the failure to have the declaration inserted in the deed or in some written memorandum was characterized as an inadvertence. This, it would seem, was calculated to give the jury an erroneous impression of the plaintiff's position and of his rights. *Jones v. Waldroup*, 217 N. C., 178, 7 S. E. (2d), 366; *Hare v. Weil*, 213 N. C., 484, 196 S. E., 869.

The court also instructed the jury that as the deed from the land bank to Holt and wife was regular in form and contained no declaration of trust in favor of the plaintiff, "a presumption of fact arises by operation of law against the existence of a trust—where one holds title to property he is presumed to be the absolute owner"—and the plaintiff here has "the burden of overcoming this presumption and establishing the trust . . . by evidence that is clear, strong and convincing." This, taken in connection with the other quoted portions of the charge, presents a situation close akin to that appearing in the case of *Jones v. Waldroup, supra,* . where it was said "the jury may have been led to believe that it was incumbent upon the plaintiff to overcome the evidence of the defendant as to her affirmative plea by preponderating proof without regard to any burden in that respect which the law of evidence placed upon the defendant." A similar observation may be made here. To characterize the failure to have the declaration of trust inserted in the deed, or in some written memorandum, as an inadvertence, and to say that the deed itself created a presumption against the existence of a trust, which the plaintiff was required to overcome by evidence clear, strong and convincing, was perhaps to disadvantage the plaintiff in his effort to establish the alleged trust by the requisite intensity of proof. Hence, considered in their entirety and contextually, it appears that the above instructions may have weighed too heavily against the plaintiff.

The defendants do not plead waiver or abandonment. *Aiken v. Ins. Co.,* 173 N. C., 400, 92 S. E., 184. Their plea of estoppel *in pais* relates to the alleged conduct of the plaintiff in allowing them to place valuable improvements on the land with the thought that the plaintiff had no further interest in the matter. *Wolfe v. Land Bank,* 219 N. C., 313, 13 S. E. (2d), 533.

A careful perusal of the record engenders the conclusion that the plaintiff is entitled to a new trial. It is so ordered.

New trial.

BARNHILL, J., dissenting: The plaintiff's cause has been twice submitted to a jury. Each jury has rejected his claim. In my opinion such error as appears in the record is not of sufficient materiality as to require that he be awarded a third trial. Hence, I vote for an affirmance.

DEVIN, J., joins in this opinion.