E. H. McCORKLE, ROBERT L. McCORKLE AND SARA L. McCORKLE v. KEITH M. BEATTY AND WIFE, KATHLEEN BEATTY.

(Filed 8 May, 1946.)

**1. Evidence § 21—**

Even when the financial inability of plaintiff to prevent foreclosure of a mortgage executed by him is relevant and competent, a question as to his "financial shape and the reason for it" is too broad.

**2. Appeal and Error § 39e—**

Where the record fails to show what the answer of the witness would have been if permitted to answer, the exclusion of the testimony cannot be held prejudicial.

**3. Contracts § 22l—**

Ordinarily, evidence of all the facts and circumstances surrounding the parties at the time of the making of a contract, which are necessary to be known to properly understand their conduct and motives or to weigh the reasonableness of their contentions, is relevant and admissible.

**4. Trusts § 2h: Appeal and Error § 39d—**

In an action to establish a parol express trust based upon an alleged agreement to purchase property at the foreclosure sale for the benefit of the plaintiff, the mortgage debtor, financial distress of the plaintiff and evidence of the real value of the property are competent to establish the reasonableness of plaintiff's contention that he sought the agreement. But where defendants admit that plaintiff sought the agreement, the exclusion of such evidence is not prejudicial, particularly where the price is to be fixed by the high bid.

**5. Evidence § 42d—**

In the absence of competent evidence tending to establish the fact of agency, declarations of the alleged agent, even if material, are incompetent.

**6. Evidence § 22—**

The extent to which cross-examination for impeachment is to be permitted rests largely in the discretion of the trial judge, and an exception to the extent of the cross-examination upon legitimate subjects of inquiry will not be sustained when the record fails to show abuse.

**7. Trusts § 2b—**

    The burden is upon plaintiffs to establish an alleged parol trust asserted by them by clear, strong and convincing proof.

**8. Same: Evidence § 7d: Trial § 31d—**

    Where the burden is on plaintiffs to establish their cause by clear, strong and convincing proof, the court may instruct the jury as to the dictionary definitions of these terms, since "clear," "strong" and "convincing" are used in the ordinary and accepted sense.

Appeal by plaintiffs from *Sink, J.,* at October Term, 1945, of Mecklenburg. No error.

Civil action for a decree that under the terms of an express parol contract defendant Keith M. Beatty holds title to certain lands as trustee for plaintiffs. Here on former appeal. *McCorkle v. Beatty,* 225 N. C., 178.

There are three tracts of land. Two belonged to plaintiff R. L. McCorkle and one to plaintiff Sara L. McCorkle. On 9 September, 1940, they, together with E. H. McCorkle, husband of Sara, executed a trust deed conveying said property as security for the payment of a note to the Mutual Building & Loan Association. There was default and the trustee proceeded to foreclose the trust deed. The bid at the first sale was raised and the property was resold. Plaintiff E. H. McCorkle then appealed to defendant Keith M. Beatty for assistance, offering him $25 to furnish the deposit to raise the bid.

The testimony for plaintiffs tends to show that Beatty agreed to raise the bid, buy in the property, and hold title until plaintiffs could raise the money to pay the debt and reimburse defendant for expenses incurred; that he did buy in and took title to the property; and that plaintiffs tendered the full amount due, including expenses, but that defendant denied the agreement and declined to convey.

Beatty admits that McCorkle appealed to him to raise the bid so that plaintiffs would have more time in which to procure the necessary funds; that he agreed thereto and furnished the deposit for that purpose. The testimony for defendants tends to show further that at the same time Beatty told McCorkle that he was not interested in a $25 proposition; that he would not bid in the property for the plaintiffs; and that if the property was actually resold he would bid for himself.

On this conflicting testimony issues were submitted to and answered by the jury in favor of defendants. The court entered judgment on the verdict and the plaintiffs appealed.

*Uhlman S. Alexander and Jones & Smathers for plaintiffs, appellants.*
*W. C. Davis and Paul R. Ervin for defendants, appellees.*

BARNHILL, J. During the direct examination of E. H. McCorkle the following occurred:

"Q. Now, Mr. McCorkle, you have made the statement that in September, 1941, you were in financial distress so that you could not raise this $315.00 to raise the bid or pay off the mortgage. May I ask you to explain to the jury your financial shape and the reason for it?

"Objection by defendants—sustained—EXCEPTION No. 5.

"COURT: The Court instructs you, Gentlemen of the Jury, that the plaintiff had the legal right to request someone to make the advanced bid for him, or to furnish the money therefor, and the question you have to determine is whether there was an agreement, and if so, what was that agreement. The Court instructs you now 'that the parties had the legal right, whether the witness was financially distressed or otherwise, to enter into such an agreement, and the defendant had the legal right to enter into such an agreement, as they desired, within the law, and the law provides for a parol trust. Now, whether there was a parol trust here is one of the issues that you gentlemen have to determine.

"Plaintiffs object and except to the above instructions of the Court. EXCEPTION No. 6."

This witness likewise sought to give evidence as to the value of the property described in the trust deed. On objection this evidence was excluded and plaintiffs excepted.

These and similar exceptions pose this question: In an action to have the defendant declared trustee for plaintiffs under an express parol agreement is evidence of the value of the property and of the financial distress of the plaintiffs competent and admissible?

The exception to the quoted question is without merit. The question itself is too broad and the record fails to disclose what the witness would have said if permitted to answer. Furthermore, there is considerable evidence in the record tending to show that McCorkle at the time was in very straitened financial circumstances. Hence the exception, apart from the special instructions of the court to the jury at the time, would not command our serious attention.

Perhaps we might pass the instruction, repeated in the general charge, with the comment that the court merely explained the legal right of the parties to make the contract at issue. But this is not the point. The court, in effect, instructed the jury that evidence of McCorkle's financial distress was irrelevant and immaterial and was not to be considered by them. Thus the court instructed the jury that other evidence in the record tending to show his financial embarrassment was not to be considered.

Ordinarily evidence of all the facts and circumstances surrounding the parties at the time of the making of a contract, which are necessary to

McCORKLE v. BEATTY.

be known to properly understand their conduct and motives or to weigh the reasonableness of their contentions, is relevant and admissible. *Henley v. Holt,* 214 N. C., 384, 199 S. E., 383; *Bank v. Slack,* 179 N. C., 514, 103 S. E., 6; *Cunningham v. Long,* 186 N. C., 526, 120 S. E., 81; 65 C. J., 321, sec. 83.

The imminent forced sale of property under mortgage at a price considerably less than its real market value and financial distress which renders the mortgagor incapable of protecting the equity therein are circumstances which usually impel a person to seek aid from a friend. McCorkle testified that he went out to find a friend to help him raise the bid and to buy in the property. The evidence plaintiffs sought to develop was competent as tending to establish the reasonableness of this statement.

Even so, we are constrained to hold, on this record, that its exclusion and the error in the remarks of the court at the time were rendered harmless by later developments in the trial. The defendant testified in his own behalf. In so doing he admitted that McCorkle came to him and endeavored to get him to raise the bid and purchase the property for the plaintiffs. Thus the very fact the excluded evidence would tend to prove is admitted.

For the reason stated the exclusion of evidence of the value of the property was likewise harmless error. The property was to be sold at public sale under mortgage. The sale price was to be fixed by the high bidder at the sale. Whether Beatty agreed to buy for McCorkle or insisted he would buy only for himself he was to purchase, if at all, as the high bidder at the sale. This is an admitted fact. Hence the excluded testimony as to the real value of the property was material only as it tended to show the reasonableness of McCorkle's statement that he sought aid from defendant. As that fact was admitted the plaintiffs suffered no disadvantage by the exclusion of the testimony.

The court below did not deny plaintiffs the right to show that Taylor, the lawyer who was conducting the sale for the building and loan association, was the agent and attorney for Beatty in respect to the transactions between plaintiffs and defendant. He denied them the right to do so in the manner attempted. In the rulings of the court in this respect we find no error.

In the absence of competent evidence that Taylor was attorney for defendant his declarations, even if material, were incompetent.

The extent to which cross-examination for impeachment is to be permitted rests largely in the discretion of the trial judge. *S. v. Roberson,* 215 N. C., 784, 3 S. E. (2d), 277; *Foxman v. Hanes,* 218 N. C., 722, 12 S. E. (2d), 258; *Bank v. Motor Co.,* 216 N. C., 432, 5 S. E. (2d), 318; *S. v. Cloninger,* 149 N. C., 567; *S. v. Bailey,* 179 N. C., 724, 102

S. E., 406; *S. v. Beal,* 199 N. C., 278, 154 S. E., 604. The matters about which McCorkle was cross-examined were legitimate subjects of inquiry bearing upon his credibility. Plaintiffs' exceptions to questions permitted in the course thereof fail to disclose any abuse of this discretion.

The burden rested upon plaintiffs to establish the alleged parol agreement by clear, strong, and convincing testimony. *Boone v. Lee,* 175 N. C., 383, 95 S. E., 659; *Avery v. Stewart,* 136 N. C., 426; *Grimes v. Andrews,* 170 N. C., 515, 87 S. E., 341; *Anderson v. Anderson,* 177 N. C., 401, 99 S. E., 106; *McFarland v. Harrington,* 178 N. C., 189, 100 S. E., 257; *Cunningham v. Long, supra; Jones v. Coleman,* 188 N. C., 631, 125 S. E., 406; *Peterson v. Taylor,* 203 N. C., 673, 166 S. E., 800; *Henley v. Holt, supra.*

There is nothing in the rule or in the application thereof by this Court to indicate or suggest that the words "clear," "strong," and "convincing" are employed in any unusual or exceptional sense. They are words of everyday language and mean what they are generally understood to mean. Hence the court committed no error in instructing the jury as to the dictionary definitions of the terms.

This cause narrows down to one issue of fact. Did Beatty agree to purchase the property at the sale for and in behalf of the plaintiffs or did he decline to do so and notify McCorkle that he would bid for himself? Twice a jury has answered in favor of defendants. As we find no prejudicial or reversible error, the verdict and judgment must stand.

No error.