JAMES HENRY WHITE AND WIFE, WEALTHY WHITE v. HATTIE Mc-CARTER, REGINALD L. FRAZIER, INDIVIDUALLY, AND REGINALD FRAZIER, TRUSTEE.

(Filed 26 February 1964.)

**Payment § 4—**

> Where, in the principal's cross-action against the agent to recover funds collected by the agent in her behalf, the agent admits collecting the funds as agent but asserts that he paid the full amount of the funds to the principal, the burden is upon the agent to prove his affirmative plea of payment, and he may not complain of an instruction placing the burden upon the principal to satisfy the jury by the greater weight of the evidence of the indebtedness and the amount thereof.

APPEAL by defendant, Reginald L. Frazier, from *Bundy, J.*, September-October 1963 Session of CRAVEN.

Civil action for accounting and cancellation of a deed of trust.

Plaintiffs purchased two lots from defendant McCarter at the price of $1250. The terms of sale were: $250 cash, the balance payable in 23 monthly installments of $30 each and a final installment of $310. A deed, promissory note and deed of trust were executed. Defendant Frazier, a lawyer, prepared these instruments. He was named trustee in the deed of trust; and McCarter and Frazier were the payees in the note. McCarter, a woman 86 years old, authorized Frazier to act as her agent in closing the transaction and collecting the payments from plaintiffs. The deed was delivered to plaintiffs; Frazier retained the note and deed of trust. Plaintiffs delivered to Frazier the $250 down payment and thir-

teen installments in the amount of $50 each, a total of $900, and took Frazier's receipts therefor. A further payment to Frazier was returned to plaintiffs with the information that McCarter had refused to accept it and had demanded foreclosure of the deed of trust. Plaintiffs tendered $350 and when it was refused they instituted this action offering to pay $350 and asking for a cancellation of the deed of trust. McCarter, answering, pleaded a cross-action against Frazier for an accounting, alleging that he had not paid to her the money he had collected. Frazier admitted collecting the $900 and denied that he owed McCarter any amount. McCarter testified that Frazier had loaned her $21 and had paid to her on account of the collections from plaintiffs three or four payments of $23 each and three or four payments of $50 each, and no more. Frazier testified that he collected $900 from plaintiffs, delivered the payments to McCarter at the time he made the collections, and he required of her no receipts because of the close friendship between them.

The jury found that Frazier was agent for McCarter in making the sale and collections, that plaintiffs owe McCarter $350, and that McCarter is "entitled to recover" of Frazier $428. Judgment was entered providing for the cancellation of the deed of trust upon payment of $350 by the plaintiffs to McCarter, and adjudging that McCarter recover of Frazier $428.

Frazier appeals.

*Earl Whitted, Jr., for defendant appellant.*
*Ward & Ward for defendant appellee.*

PER CURIAM. McCarter's cross-action against Frazier raises the simple question whether Frazier had fully accounted for the $900 collected by him and, if not, the amount of his default. The court placed the burden upon McCarter to satisfy the jury by the greater weight of the evidence that Frazier is indebted to her and the amount of the indebtedness. Of this, Frazier is in no position to complain. The purport of his pleadings is that he collected $900 for McCarter and paid it to her in full. Payment is an affirmative plea and the burden of showing payment is on the one who relies on payment as a defense. *Davis v. Dockery,* 209 N.C. 272, 183 S.E. 396; *Furst v. Taylor,* 204 N.C. 603, 169 S.E. 185; *Thomas v. Gwyn,* 131 N.C. 460, 42 S.E. 904. Frazier's contention that the burden of the issue was upon McCarter to satisfy the jury of the indebtedness and the amount thereof by clear, cogent and convincing evidence is without foundation. *Henley v. Holt,* 221 N.C. 274, 20 S.E. 2d 62, relied on by Frazier, is not in point.

In the trial below we find

No error.