CONSOLIDATED VENDING CO., INC., v. CURTIS M. TURNER AND O. BRUTON SMITH.

(Filed 16 June, 1966.)

**1. Appeal and Error § 31; Courts § 9—**
   Rulings of the court in regard to the admissibility of evidence prior to order of mistrial for the inability of the jury to agree upon a verdict are in no way binding upon the court upon subsequent trial, and therefore it is not error for the court upon appeal from the verdict and judgment in the second trial to strike from the record the charge of the court at the former trial, sought to be included in the record to show that evidence excluded at the subsequent trial was admitted at the former.

**2. Pleading § 24—**
   A motion to be allowed to amend at the trial is of necessity addressed to the discretion of the court and its ruling denying the amendment is not reviewable in the absence of a clear showing of abuse of discretion, and the contention of movant that he was taken by surprise by the court's intimation that, in view of the pleadings, it would not permit the introduction of evidence on a particular aspect, does not tend to show abuse of discretion by the court in denying the motion.

**3. Evidence § 15—**
   The court correctly excludes evidence pertaining to a matter not supported by any allegation in the pleadings.

**4. Pleadings § 28—**
   Proof without allegation is unavailing.

**5. Bills and Notes § 17—**

In an action on a note, the maker's allegation that the note should be credited under agreement of the parties with sums received by the payee from distributors for the exclusive use of their products in the operation of the payee's concession at designated speedways in which the maker was a stockholder, *held* evidence relating to such "promotion money" received by the payee in connection with its operations at another speedway not specified in the allegations is properly excluded as not being supported by allegation.

**6. Same—**

Contention of the maker of a note that under the terms of the contract he was entitled to a credit for the amount the payee could have collected from a distributor for the exclusive use of its merchandise in the operation of the payee's concession at a speedway, *held* untenable when the evidence discloses that the payee received no such "promotion money" but relinquished it, and there is neither allegation nor proof that the payee promised to exact from its suppliers "promotion money" or that the payee received any direct benefit as the result of foregoing the opportunity to exact the payment of the "promotion money."

**7. Appeal and Error § 41—**

Where the transcript of the adverse examination taken by defendant is not contained in the record, the exclusion of the transcript from the evidence will not be held for error, since it cannot be determined whether defendant was prejudiced by the exclusion of the evidence.

**8. Trial § 33—**

Where defendant's own testimony is to the effect that he signed a note later filled in by the payee, who brought suit thereon, defendant may not object to reference in the charge to pertinent provisions of the Negotiable Instruments Law.

**9. Trial § 37—**

Appellant may not object that the court failed to declare and explain the law arising on evidence which had been correctly withdrawn from the consideration of the jury.

**10. Bills and Notes § 17—**

The maker may not contradict the terms of his written note by parol testimony that he would not be called upon to pay in accordance with its terms.

MOORE, J., not sitting.

ON *certiorari* to review judgment entered by *Latham, S.J.*, at the 30 August 1965 Schedule C Jury Session of MECKLENBURG.

Plaintiff sues upon a negotiable note for $22,500, dated 23 February 1962, payable to its order and signed by the two defendants as co-makers. Only the defendant Smith filed answer.

The answer alleges: Turner was operating a speedway at Danville, Virginia, and Smith was operating a speedway at Concord,

North Carolina; at each such speedway the plaintiff had food and drink concession rights; at the time the note was made the parties agreed that all "promotion money" received by the plaintiff from its suppliers at "said speedways" would be credited upon the note, as if paid by the defendants, and would be reported by the plaintiff to the defendants at reasonable intervals; the consideration for this collateral agreement was that the plaintiff was to have continued concession rights "at said speedways"; the plaintiff has collected "promotion money" at "both said speedways" in amounts not known to Smith but did not credit them upon the note "prior to filing this law suit"; the plaintiff having failed to account to Smith for payments so received, is not entitled to recover in this action and if the plaintiff is not barred from all recovery by such failure, it should be required to account fully for all such payments received by it "at the two aforesaid speedways."

The plaintiff offered evidence tending to show: The note upon which it sues was a renewal of an earlier one for $30,000. At the time the original note was made, the defendants were officers of a company which was then building, and which later operated, the Charlotte Motor Speedway. They sought a loan on its behalf, but the plaintiff preferred to make the loan to the defendants and did so. At the same time the plaintiff was given food and drink concession rights at the Charlotte Speedway, and it agreed that any "promotion money" received by it from suppliers of food and drinks would be credited upon the note. "Promotion money" is money paid to the plaintiff by such suppliers in return for the plaintiff's agreement to use their products, exclusively, at the speedway.

The plaintiff also introduced evidence tending to show: Prior to the execution of the renewal note now sued upon, the plaintiff received from one supplier $7,500 in "promotion money" which was credited upon the original note, making the balance $22,500, the amount of the renewal note. In addition, the plaintiff received from another supplier $1,000, which it now acknowledges should have been credited upon the note, and which it informed Smith would be so credited, but which its bookkeeper failed to so credit. This additional credit would reduce the balance due to $21,500. The plaintiff also received a check for $350 as "promotion money" at the Concord Speedway but the check was not paid and the plaintiff returned it to the drawer without bringing suit thereon. If this be also credited upon the note, the balance due would be reduced to $21,150 plus interest. The plaintiff has received no other "promotion money."

Smith introduced evidence tending to show: He and Turner endorsed the plaintiff's check for $30,000, the original loan, to Curtis Turner, Inc., Smith receiving none of the proceeds. At the time the

original note was made plaintiff's president, Fitzgerald, told Smith he would have no responsibility for the payment of the note since it would be paid with funds received from the plaintiff's suppliers. Smith has sought from the plaintiff an accounting for such "promotion money" but has received no such accounting except for the $7,500 and the $1,000, referred to in the plaintiff's testimony. Smith knows of no other "promotion money" received by the plaintiff. Smith ceased to be an officer of the Charlotte Motor Speedway Company in June, 1961, and a receiver was appointed for it in November of that year. The renewal note now sued upon was executed thereafter. The amount of it was blank when Smith signed it and Fitzgerald, the plaintiff's president, thereafter filled in the amount.

Smith also testified that he was informed by Fitzgerald that the latter had waived "his right to promotion money from Coca-Cola Company" because of an agreement by that company to pay $12,500 to the Charlotte Motor Speedway Company for the privilege of advertising upon a score board to be erected at the speedway. However, the court withdrew this testimony from consideration by the jury, having previously sustained objections to questions propounded by the defendant to the plaintiff's president, Fitzgerald, on cross examination, concerning such agreement between the Coca-Cola Company and the Speedway Company.

The jury found that the defendant Smith executed the note, that there was a collateral agreement between the plaintiff and Smith by virtue of which Smith is entitled to a credit of $1,350, and that the balance due the plaintiff, after such credit, is $21,150 plus interest. Judgment was entered upon the verdict.

Smith, in due time, gave notice of appeal to this Court, but was unable to perfect his appeal within the time allowed. This Court thereupon allowed *certiorari*.

The defendant assigns as error the denial of his motion to amend his answer. This motion was made and denied orally just before the start of the trial, some six months after the original answer was filed. It was occasioned by the trial judge's statement, just prior to trial, that he would hold incompetent, under the pleadings, testimony designed to show a payment by the Coca-Cola Company to the Charlotte Motor Speedway Company and a resulting waiver by the plaintiff of payments of "promotion money" to it by the Coca-Cola Company for use of the latter's product at the Charlotte Speedway.

Previously, there had been a trial of this action before another judge and jury, which resulted in a mistrial due to the inability of the jury to agree upon a verdict. For the purpose of showing that the presiding judge at the former trial had admitted the proposed

evidence and, therefore, the pre-trial statement of Latham, S.J., took him by surprise, the defendant included in his statement of the case on appeal the charge of the court at the former trial. In the settlement of the case on appeal, this was stricken by Latham, S.J., which ruling the defendant also assigns as error.

*Craighill, Rendleman & Clarkson by Francis O. Clarkson, Jr. and John R. Ingle for defendant appellant.*
*Hugh M. McAulay for plaintiff appellee.*

LAKE, J. It was not error to strike from the record on this appeal the charge of the presiding judge at the former trial. A mistrial having been ordered, the rulings of the judge presiding at that trial as to the admissibility of evidence offered before him are in no way determinative of the admissibility of like evidence upon a subsequent trial or of the defendant's right to amend or need to amend his answer. There is no reason to suppose that the defendant would have been any less surprised by the rulings of Latham, S.J., concerning such evidence had there never been any former trial of the action.

The motion to amend, originally oral, was reduced to writing after the trial and inserted into the record. The oral ruling denying the motion was not so reduced to formal writing. There being no indication to the contrary, we assume that the written motion, so filed and now appearing in the record, is in the same terms as the oral motion. It states that the defendant "moves the court that it, *in its discretion,*" allow the defendant to amend his answer. (Emphasis added.) The record shows that, on objection by the plaintiff, this motion was denied, but the record does not show the reason, if any, given by the court for its ruling. The defendant now contends that, since the court did not state that the motion was denied in its discretion, we must deem it to have been denied on the ground that, as a matter of law, the defendant could not so amend his answer and, therefore, the ruling is reviewable by us.

This Court has repeatedly held that after the time allowed for answering a pleading has expired, as in this instance, such pleading may not be amended as a matter of right, but only in the discretion of the court. *Hardy v. Mayo,* 224 N.C. 558, 31 S.E. 2d 748; *Cody v. Hovey,* 219 N.C. 369, 14 S.E. 2d 30; *Osborne v. Canton,* 219 N.C. 139, 13 S.E. 2d 265; *Biggs v. Moffitt,* 218 N.C. 601, 11 S.E. 2d 870. Since the motion to amend was, by its very terms, directed to the discretion of the court and, as a matter of law, was necessarily so directed, we find no merit in the defendant's contention. See *Osborne v. Canton, supra.* Since the motion to amend was denied in the dis-

cretion of the trial judge, his ruling is not reviewable in the absence of a clear showing of abuse of discretion, which does not appear on this record. See in addition to the authorities above cited: *Service Co. v. Sales Co.*, 264 N.C. 79, 140 S.E. 2d 763; *Crump v. Eckerd's, Inc.*, 241 N.C. 489, 85 S.E. 2d 607.

There was no error in sustaining the objections to the proposed cross examination of the plaintiff's witness relative to the plaintiff's foregoing of an opportunity to receive "promotion money" in connection with the Charlotte Speedway, or in withdrawing from the consideration of the jury testimony of the defendant with reference thereto. The unamended answer asserts that credits should have been allowed upon the note because of "promotion money" received by the plaintiff in connection with its operations at the Danville and Concord Speedways, no claim being made in the answer to any credit as a result of the operations at the Charlotte Speedway. The proposed evidence, relating to operations at Charlotte, is a substantial variance from the defense so pleaded. It is elementary that proof without allegation is as unavailing as allegation without proof. *Eason v. Grimsley*, 255 N.C. 494, 121 S.E. 2d 885; *Lucas v. White*, 248 N.C. 38, 102 S.E. 2d 387; *Poultry Co. v. Equipment Co.*, 247 N.C. 570, 101 S.E. 2d 458; *Bank v. Caudle*, 239 N.C. 270, 79 S.E. 2d 723; *Wilkins v. Finance Co.*, 237 N.C. 396, 75 S.E. 2d 118, *rehear. den.*, 238 N.C. 745, 76 S.E. 2d 164; McIntosh, North Carolina Practice and Procedure, 2d Ed., § 981. This principle applies to evidence offered to establish an affirmative defense not pleaded in the answer as truly as it does to evidence offered to show a cause of action not alleged in the complaint. Payment, or the right to a credit, upon a note is an affirmative defense. *White v. McCarter*, 261 N.C. 362, 134 S.E. 2d 612.

Furthermore, the testimony in question did not purport to show the receipt by the plaintiff of any "promotion money" in connection with its operation at the Charlotte Speedway. It purported to show that the Coca-Cola Company made certain payments direct to the Speedway Company in return for advertising rights granted by it to the Coca-Cola Company, and that the plaintiff, for this reason, gave up its opportunity to receive "promotion money" from the Coca-Cola Company. Even had the proposed amendment to the answer been allowed, it would have alleged only that the plaintiff agreed to credit the note with "promotion money" which it received. There is neither allegation nor proof that the plaintiff promised to exact from its suppliers all possible "promotion money" and that it would not, in the exercise of its own best business judgment, forego an opportunity to require such payments to it. The food and drink concessions at the Charlotte Speedway would be of little value if

the speedway, itself, ceased to operate. The proposed testimony did not purport to show any interest of the plaintiff in the Charlotte Speedway, or in any payment to it, other than a desire to keep its concession rights alive and valuable.

The defendant also assigns as error the sustaining of the plaintiff's objection to the offer in evidence of transcripts of adverse examinations of the president and auditor of the plaintiff. Since no part of these transcripts is included in the record before us, it cannot be determined from the record that the defendant was prejudiced by this ruling, even if it be assumed that the transcripts were competent. Therefore, this assignment cannot be sustained. *Cooperative Exchange v. Scott,* 260 N.C. 81, 89, 132 S.E. 2d 161; *Service Co. v. Sales Co.,* 259 N.C. 400, 411, 131 S.E. 2d 9.

The defendant next contends that the court below erred in including in the instructions to the jury abstract principles of law not germane to the issues; namely, references to certain provisions of the Negotiable Instruments Law, G.S. 25-7, 25-20, 25-29 and 25-34. The defendant testified that he received no part of the loan for which the original note was given, that the amount of the renewal note, upon which this suit was brought, was blank at the time he signed it and that such blank was filled in thereafter by the plaintiff. In view of this evidence it was not error for the court to include these instructions in the charge to the jury. The defendant makes no contention that there was any error in the content of these instructions.

There is no merit in the assignment of error asserting that the court failed to state correctly the contentions of the defendant and failed to declare and explain the law arising on the evidence in accordance with G.S. 1-180. Specifically, the defendant complains that the court did not instruct the jury as to the contention that the plaintiff gave up its opportunity to receive "promotion money" at Charlotte and as to the contention that there was a collateral agreement between the parties that the defendant would not have to pay the note since it would be paid entirely by receipts of "promotion money." Since the testimony concerning the plaintiff's supposed relinquishment of its opportunity to receive "promotion money" at Charlotte was properly withdrawn from the consideration of the jury, no further instruction with reference thereto was required. The promise set forth in the note could not be contradicted or destroyed by parol testimony that the makers thereof would not be called upon to pay in accordance with the terms of the note. *Bank v. Slaughter,* 250 N.C. 355, 108 S.E. 2d 594; *Manufacturing Co. v. McCormick,* 175 N.C. 277, 95 S.E. 555; *Cherokee County v. Meroney,* 173 N.C. 653, 92 S.E. 616.

Other assignments of error have been waived by failure to present argument or cite authorities in support thereof in the defendant's brief. We have nevertheless considered them and find no merit therein.

No error.

MOORE, J., not sitting.