STATE *v.* CHARLIE HOUSTON.

(Filed 3 May, 1911.)

1. Appeal and Error—Objections and Exceptions—Insufficient Evidence—Procedure.

    An exception that the evidence is not sufficient to be submitted to the jury is waived if not taken before verdict.

2. Same—Jurisdiction—Insufficient Allegations.

    No exception can be taken in the Supreme Court which was not assigned in the lower court with opportunity given the judge to rule upon it, except (1) want of jurisdiction of the lower court or (2) the insufficiency of the complaint or indictment as the statement of a cause of action.

3. Appeal and Error — Evidence — Demurrer—Consent of Attorney-General—Procedure.

    When it seems to the Attorney-General that justice requires it, the Supreme Court may permit a demurrer to the evidence to be made there, though it should have been done in apt time in the Superior Court, but such practice is not commended or encouraged.

4. Felony—Manslaughter—Evidence Sufficient—Questions for Jury.

    Evidence is sufficient for conviction of manslaughter which tends to show that the defendants were at a fish-fry, and a fuss arose because a brother of deceased had stepped on the toes of one of the prisoners, for which he apologized, and acting at a suggestion that he again apologize, and while approaching for the purpose, one of the defendants suddenly drew a pistol and fired, and was joined in the firing by the other defendants, and "in less than two seconds" they fired twelve or fifteen shots, immediately after which the deceased fell.

5. Felonies — Manslaughter — Instruction — Defense Not Taken — Proper Conviction—Harmless Error.

    A charge of the law upon the principles of self-defense, when there was no evidence thereof, and such was not relied upon, is harmless error of which the defendant, convicted of manslaughter under the evidence, cannot complain.

6. Courts—Jury's Convenience—Deliberations.

    A recommendation by the judge to the jury that, the latter "doubtless being weary, they go to their hotel and rest for the balance of the night so that they might deliberate upon their verdict in the morning, when they were fresh," etc., is no just ground for exception.

STATE *v.* HOUSTON.

**7. Instructions—In Part—Construed as a Whole—Harmless Error.**

Upon a trial for manslaughter the judge charged the jury that in passing upon the question whether the defendant maliciously slew deceased with a pistol, they "will consider all the evidence relied on by the State bearing upon the language, acts and conduct of the deceased . . . on the night of the homicide, and leading up to the same." *Held*, if erroneous, it should be construed with other portions of the charge, and, in this case, when so construed, it was in effect an instruction to the jury that they should consider all the evidence in the case in arriving at their verdict, and therefore it was correct.

APPEAL by defendants from *Long, J.*, at the December Term, 1910, of MECKLENBURG.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Attorney-General T. W. Bickett and George L. Jones, Assistant Attorney-General, for the State.*

*Stewart & McRae and F. M. Redd for defendants.*

CLARK, C. J.   The defendants Houston, Byers, and Boyd were convicted of manslaughter.   In this Court they entered a demurrer to the evidence.   It is settled by uniform decisions that an exception that the evidence is not sufficient to be submitted to the jury is waived if not taken before verdict.   *S. v. Hart,* 116 N. C., 976; *S. v. Kiger,* 115 N. C., 746; *S. v. Varner, ib.,* 744; *S. v. Braddy,* 104 N. C., 737; *S. v. Harris,* 120 N. C., 577, and cases there cited; *S. v. Wilson,* 121 N. C., 650; *S. v. Huggins,* 126 N. C., 1055; *S. v. Williams,* 129 N. C., 582, and numerous cases cited in Clark's Code (3 Ed.), p. 773.   The reason is that the object of the law is to try cases on their merits, and if there is reasonable ground for such motion it should be made before the case is submitted to the jury, in order that the court, if it sees fit, may in its discretion permit the opposite party to introduce further testimony.

Still less can any exception be taken in this Court which was not assigned in the lower court with opportunity to the judge to rule upon it, save only (1) want of jurisdiction in the court that tried the case; (2) that the complaint, or indictment, does not state a cause of action.   *McKinnon v. Morrison,* 104

155—28

N. C., 354; *Taylor v. Plummer,* 105 N. C., 56; *S. v. Craige,* 89 N. C., 475; *S. v. Hardee,* 83 N. C., 619, and numerous other cases cited in Clark's Code (3 Ed.), p. 777.

However, it has been held that if in this Court the Attorney-General thinks that the interests of justice require that the demurrer be entered we will permit it *(S. v. Wilcox,* 118 N. C., 1131), as we would doubtless do in a civil case if the opposite party should waive the objection. But certainly such practice is not to be commended or encouraged. If there is not sufficient evidence to go to the jury, or other ground of exception, the point should be called to the attention of the judge on the trial below and in apt time, that he may have opportunity to correct the error, if any.

Taking the exception as duly entered, it cannot be sustained. There was evidence that the deceased was killed at a fish-fry, that there was drinking and gambling going on and a big crowd present, that a fuss arose because the brother of deceased had stepped on the toes of the prisoner Houston. He apologized to Houston, but was told by his brother to apologize again, and upon approaching Houston, apparently for that purpose, the latter suddenly drew his pistol and fired. The witness added that, "In less than two seconds the other prisoners, Boyd and Byers, joined in. There were twelve or fifteen shots in less than two seconds. Immediately after firing ceased the deceased fell. After the firing the prisoners scattered. All the prisoners had pistols." Another witness testified: "The pistols fired like a cane-brake set afire." There was a good deal of other evidence, and there was some conflict in the evidence. But the testimony that Houston fired and that the other two prisoners "joined in," and that "there were fifteen to twenty shots fired," of itself is sufficient to show that there was evidence proper to go to the jury.

There were seventeen exceptions taken on the trial and also assigned as errors on appeal, but in the brief of the prisoners there are only four set out, to wit, exceptions 1, 2, 11, and 17. "Exceptions in the record not set out in appellant's brief will be taken as abandoned by him." Rule 34 of this Court, 140 N. C., 666.

The first and second exceptions are that the judge charged the jury as to the principles of law applicable to self-defense. The prisoners contend that this was prejudicial, because they did not rely upon self-defense, but upon the ground that they did not participate in the killing. We do not see upon the face of the evidence that any prejudice could have accrued to the prisoners from such charge. If there was no evidence of self-defense the prisoners simply received the benefit of an instruction to which they were not entitled.

Exception 11 is that the court charged the jury: "It is not at all likely that you can decide the case satisfactorily at this hour of the night. I am weary and I know you are also. The court therefore recommends that you go to your hotel and rest for the balance of the night. In the morning we can get breakfast at 7; you can in the morning, when fresh, deliberate on your verdict, before or after breakfast as you choose. Some men can think better on an empty stomach. But you can do as you choose about that; and if you prefer to deliberate to-night, you can do so. The court will not return to-night. It will adjourn until 9 A. M. to-morrow."

The remarks of the judge are almost identical with those of the judge in *S. v. Davis,* 134 N. C., 633, in which the Court said: "The recommendation of the court to the jury, doubtless given at a late hour and after a long, fatiguing session, not to consider the case till next morning, is without merit. It is not shown that it prejudiced the prisoner in any way, nor can we see that it was likely to do so."

The 17th, and last, exception in the prisoner's brief is that the court instructed the jury: "In passing upon the question whether Houston slew deceased with a pistol, and whether he did so maliciously, the jury will consider all the evidence relied upon by the State bearing upon the language, acts, and conduct of the deceased and his brother, and the language, acts, and conduct of Houston on the night of the homicide and leading up to the same." But this instruction, if any fault could be found with it taken alone, must be construed together with the following language immediately following it in the same paragraph, which told the jury to also consider "the evidence tend-

ing to show the nature of the altercation, if any, in the yard and the evidence tending to show the circumstances of the use of the pistol by Houston, if he did use it; also all the evidence relied on by Houston and his codefendants, tending to show that he did not engage in the affray, did not shoot the deceased, and did not in any wise aid and abet any one else in doing so." The court was simply telling the jury that they should consider all the evidence in the case, both that on the part of the State and that on the part of the defendants, in arriving at their verdict as to whether or not the defendants were guilty.

No error.