WILLIAM A. WARREN v. A. P. WINFREY, JR., AND CLEMENT C. BELL, TRADING AS CLINTON MOTOR COMPANY.

(Filed 26 September, 1956.)

**Trial § 21—**

The power of the court to grant an involuntary nonsuit is altogether statutory and must be exercised in accordance with the statute. Therefore, the court has no power to enter judgment as of nonsuit before the plaintiff has rested his case. G.S. 1-183.

JOHNSON, J., not sitting.

APPEAL by plaintiff from *Bundy, J.,* May Term 1956 of SAMPSON.

Civil action to rescind a contract of purchase of an automobile for failure of consideration, to recover back the value of an automobile credited as part payment on the purchase price, to cancel a note given for the remainder of the purchase price and the conditional sale contract securing said note, and to recover damages for the wrongful withholding of the purchased automobile.

When the plaintiff left the stand as a witness, and before plaintiff had rested his case, the defendant made a motion for judgment of nonsuit, which the court allowed.

Plaintiff appeals, assigning error.

*David J. Turlington, Jr., for Plaintiff, Appellant.*
*Butler & Butler for Defendants, Appellees.*

PER CURIAM. "The power of the court to grant an involuntary nonsuit is altogether statutory and must be exercised in accord with the statute, G.S. 1-183." *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257.

G.S. 1-183 provides that "when on trial of an issue of fact in a civil action . . ., the plaintiff has introduced his evidence and rested his case, the defendant may move . . . for judgment as in case of nonsuit."

The court had no power to nonsuit the case before plaintiff rested his case. For this error plaintiff is entitled to a new trial. In the state of the record the questions discussed in the briefs are not presented for decision.

Reversed.

JOHNSON, J., not sitting.