ARTHUR M. JENKINS v. CHARLOTTE MARTIN WRENN HAWTHORNE.

(Filed 22 March, 1967.)

1. **Trial § 20—**

The power of the court to grant a motion for judgment of compulsory nonsuit is altogether statutory, and when defendant's motion for nonsuit made at the close of plaintiff's evidence is not renewed at the close of all the evidence, neither the correctness of the denial of nonsuit nor the sufficiency of plaintiff's evidence to carry the case to the jury is presented.

2. **Evidence § 16—**

Whether the evidence of the existence of a certain state of facts at one time is competent to prove that such state of facts existed at a prior time is to be determined upon the circumstances of each case with regard to the length of time intervening and the probability of change in condition, and the matter rests largely in the discretion of the trial court.

3. **Same; Fraud § 11— Evidence held sufficient to raise inference that defects in roof and furnace of house existed at time seller made representations.**

Plaintiff's evidence was to the effect that he purchased a dwelling in June upon representation of defendant that the roof of the dwelling was a twenty-year roof and did not leak, and that the furnace was in good working order and heated the house well, that in a heavy rain the following September the roof leaked badly and it was discovered that in places the roof was worn through, leaving the sheathing exposed and in a few places the lumber, and that the furnace was checked by an expert the following September and it was discovered that the body of the furnace had a crack and that there were bumps and blisters and one big hole in the pipes of the furnace. *Held:* The evidence was competent and was sufficient to raise the inference that the defects existed at the time of the purchase of the house, and is sufficient to be submitted to the jury on the question of the falsity of the representations.

APPEAL by defendant from *Froneberger, J.,* 19 September 1966, Schedule A, Civil Session of MECKLENBURG.

Civil action to recover damages in the amount of $972 allegedly caused by fraudulent representations inducing the purchase of a dwelling house in the city of Charlotte. Plaintiff and defendant introduced evidence. The following issues were submitted to the jury and answered as appears:

"1. Did the defendant Mrs. Hawthorne fraudulently represent to the plaintiff, Mr. Jenkins, that the furnace and heating system were in good working order and heated the house well, as alleged in the Complaint?

"ANSWER: Yes.

"2. If so, did the plaintiff reasonably rely upon said fraudulent representation?

"ANSWER: Yes.

"3. Did the defendant Mrs. Hawthorne fraudulently represent to the plaintiff Mr. Jenkins that the roof was in good condition and did not leak?

"ANSWER: Yes.

"4. If so, did the plaintiff reasonably rely upon said fraudulent representation?

"ANSWER: Yes.

"5. What amount of damages, if any, is the plaintiff entitled to recover from the defendant?

"ANSWER: $972.00."

From a judgment based on the verdict that plaintiff recover from defendant $972 with interest and that the costs be taxed against defendant, defendant appeals.

*Ruff, Perry, Bond, Cobb & Wade by Raymond A. Jolly, Jr., for defendant appellant.*

*Haynes, Graham, Bernstein & Baucom by William E. Graham, Jr., for plaintiff appellee.*

PARKER, C.J. Defendant assigns as error the denial of her motion for judgment of compulsory nonsuit made at the close of her evidence. After such motion by defendant was made and denied and an exception taken by defendant to such ruling, plaintiff offered in evidence the testimony of himself and another witness in rebuttal, and defendant offered in evidence the testimony of herself and another witness in rebuttal. After the close of all the evidence, defendant did not renew her motion for judgment of compulsory nonsuit. The power of the court to grant a motion for judgment of compulsory nonsuit is altogether statutory, and must be exercised in accord with the provisions of G.S. 1-183. *Biggs v. Biggs,* 253 N.C. 10, 116 S.E. 2d 178; *Warren v. Winfrey,* 244 N.C. 521, 94 S.E. 2d 481; *Ward v. Cruse,* 234 N.C. 388, 67 S.E. 2d 257; 4 Strong's N. C. Index, Trial, § 20. The requirements of the statute must be strictly followed. 4 Strong, *ibidem.* G.S. 1-183 is the statute in this jurisdiction setting forth the procedure to make a motion for judgment of compulsory nonsuit in civil actions. G.S. 15-173 is the statute in this jurisdiction setting forth the procedure to make a motion for judgment of compulsory nonsuit in criminal actions. *S. v. Houston,* 155 N.C. 432, 71 S.E. 65; *Riley v. Stone,* 169 N.C. 421, 86 S.E. 348. G.S. 1-183 reads in relevant part: "Defendant, however, may make such motion at the conclusion of the evidence of both parties irrespective of whether or not he made a motion for dismissal or judgment as of nonsuit theretofore." Therefore, accord-

ing to the provisions of G.S. 1-183, neither the correctness of the court's ruling in denying her motion for judgment of compulsory nonsuit nor the sufficiency of plaintiff's evidence to carry the case to the jury is presented on appeal. 4 Strong, *ibidem*, p. 311.

However, we have examined closely the evidence in the case and defendant's brief. Defendant contends in her brief that plaintiff's evidence as to the condition of the furnace and heating system of the dwelling house and as to the condition of the roof of the dwelling house several months after the alleged fraudulent representations made by her to plaintiff inducing him to purchase her home for the sum of $23,000 furnishes no proof and raises no inference or presumption that the same condition of the furnace and heating system of the house and of the roof of the house existed at the time of her alleged fraudulent representations to plaintiff. In support of her contention, she cites and relies upon, among other authorities, *Childress v. Nordman*, 238 N.C. 708, 712, 78 S.E. 2d 757, 760.

Defendant testified in her own behalf that she had been in the real estate business since 1962. Plaintiff's evidence tends to show these facts: About 6 June 1965 he went to the dwelling house owned by defendant in which she and her two children were living, because he was looking for a dwelling house to buy as a home for his family and himself. In answers to his questions, defendant told him that the roof was a twenty-year roof and that it did not leak, and that the furnace was in good working order and heated the house well; that he purchased this dwelling house from defendant for the price of $23,000 a short time thereafter, and moved into it with his family on 21 July 1965. In September 1965 there was rain, and water leaked from the roof all over the house and even through the main floor into the basement. An examination of the roof at his request later in September, 1965, by men experienced in roofing showed that in places the shingles and the black paper underneath the shingles of the roof were worn through, leaving the sheathing exposed to the weather; that in a few places the lumber could be seen under the felt; and that it was a ten-year roof. In September, 1965, he had the furnace checked by a heating expert in preparation for buying oil for the winter, and it was discovered then that the main body of the furnace had a crack running horizontally for about four or five inches, and in addition there were bumps and blisters and one big hole in the pipes of the furnace.

This is stated in *Miller v. Lucas*, 267 N.C. 1, 7-8, 147 S.E. 2d 537, ·542:

> "However, the general rule stated in the *Childress* case above quoted is not of universal application. 'Whether the past existence of a condition or state of facts may be inferred or

presumed from proof of the existence of a present condition or state of facts, or proof of the existence of a condition or state of facts at a given time, depends largely on the facts and circumstances of the individual case, and on the likelihood of intervening circumstances as the true origin of the present existence or the existence at a given time. Accordingly, in some circumstances, an inference as to the past existence of a condition or state of facts may be proper, as, for example, where the present condition or state of facts is one that would not ordinarily exist unless it had also existed at the time as to which the presumption is invoked.' 31A, C.J.S., Evidence, § 140, pp. 306-07."

This is said in Stansbury, N. C. Evidence, 2d Ed., § 90:

" 'Whether the existence of a particular state of affairs at one time is admissible as evidence of the same state of affairs at another time, depends altogether upon the nature of the subject matter, the length of time intervening, and the extent of the showing, if any, on the question of whether or not the condition had changed in the meantime. The question is one of the materiality or remoteness of the evidence in the particular case, and the matter rests largely in the discretion of the trial court. . . . There has been some reference in recent cases to a "general rule" that inferences "do not ordinarily run backward"; but so much depends upon circumstances that it seems a mistake to think in terms of a "rule" with respect to this or any other of the many factors that must be considered.' "

See *Blevins v. Cotton Mills*, 150 N.C. 493, 64 S.E. 428.

Under the particular facts and circumstances of this case, the condition as to the furnace and heating system and as to the roof of this dwelling house as shown by plaintiff's evidence was admissible in evidence, and a jury could reasonably infer from such evidence that the same condition of the furnace and heating system and of the roof existed at the time of defendant's alleged fraudulent representations to plaintiff of the condition of the furnace and heating system and of the roof about 6 June 1965.

Considering plaintiff's evidence in the light most favorable to him, and giving him the benefit of every reasonable or legitimate inference to be drawn therefrom, as we are required to do in passing upon a motion for judgment of compulsory nonsuit, 4 Strong's N. C. Index, Trial, § 21, plaintiff's evidence is amply sufficient to carry his case to the jury and to support the verdict of the jury and the judgment thereon, and if defendant had renewed her mo-

tion for judgment of compulsory nonsuit at the end of all the evidence, it would have been of no avail. It is to be noted that plaintiff in the complaint requested the recovery of $972 in damages, and the jury found he was damaged in exactly the amount he prayed for.

We have studied with care the entire charge of the court to the jury, and defendant's assignments of error thereto are all overruled.

The jury, under application of principles of law well settled in this jurisdiction, have resolved the issues of fact against the defendant. A careful examination of defendant's assignments of error discloses no new question or feature requiring extended discussion.

In the trial below we find

No error.