VERNICE VANHOY AND ORVILLE VANHOY, ADMINISTRATORS OF THE ESTATE OF WILLIAM SHERRILL VANHOY, DECEASED V. GARY WAYNE PHILLIPS AND MAGALINE PHILLIPS SAWYER

No. 7223SC377

(Filed 28 June 1972)

1. **Evidence § 19— competency of evidence to show prior existence of same state of affairs**

Whether evidence of the existence of a particular state of affairs at one time is competent as evidence of the same state of affairs at another time depends upon the length of time intervening, the showing, if any, as to whether in the meantime conditions had changed, the probability of change and whether in view of the nature of the subject matter the condition would not ordinarily exist at the time referred to unless it had also existed at the prior time in question.

2. **Evidence § 19— observations at accident scene — day after accident — competency**

The trial court did not err in the exclusion of testimony by defendant's witness that he went to the accident scene the day after the accident and observed glass all over the place and spots of blood around the white line, where testimony by the investigating highway patrolman that he didn't find any glass on the pavement indicates that there had been a change in conditions at the accident scene between the time of the accident and the witness' observation of the scene, and the witness did not specify whether he observed blood spots near the broken white line in the center of the road or the white line on the outer edge of the road.

APPEAL by defendants from *Crissman, Judge,* 15 November 1971 Session of Superior Court held in YADKIN County.

Suit by plaintiffs to recover damages for the alleged wrongful death of their intestate, William Sherrill Vanhoy (Vanhoy), who died as a result of being struck by an automobile owned by Magaline Phillips Sawyer (Sawyer) and operated at the time by Gary Wayne Phillips (Phillips).

The parties stipulated, among other things:

"1. That William Sherrill Vanhoy died on the 3rd day of October, 1970, from injuries sustained as a result of a collision with a 1967 Pontiac automobile being operated by Gary Wayne Phillips, and owned by Magaline Phillips Sawyer.

2. That on the 29th day of October, 1970, Vernice Vanhoy and Orville Vanhoy were duly qualified, appointed and

have continuously since that date served as administrators of the Estate of William Sherrill Vanhoy, Deceased.

3. That, at the point where William Sherrill Vanhoy was struck by said 1967 Pontiac automobile, North Carolina Highway 18 at said point approximately 7.1 miles south of Moravian Falls, North Carolina, extends in a general east-west direction and is generally straight for more than .3 mile (3/10 mile) in each direction from the point where said deceased was hit.

4. That Gary Wayne Phillips, at the time and on the occasion complained of was operating said Pontiac in his capacity as agent, servant and employee of Magaline Phillips Sawyer and while in the course and scope of his employment of by Magaline Phillips Sawyer.

5. That on the 3rd day of October, 1970, the date of death of William Sherrill Vanhoy, he was 41 years of age and had a life expectancy under Mortality Table of North Carolina General Statutes, Section 8-46, of 30.69 more years.

6. That William Sherrill Vanhoy, at the time of his death, was employed by R. J. Reynolds Tobbaco Company earning an average of $175.00 per week."

Plaintiffs' evidence, taken in its most favorable light to them, tended to show that Vanhoy, together with four other persons, were using one automobile to tow another automobile from Lenoir toward Wilkesboro on the night of 3 October 1970. In order to make repairs to the tow bar, both the towing automobile (a Comet) and the automobile being towed (a 1957 "Chevy") were parked off of the paved portion of Highway 18 with the left side of the automobiles a distance of from three to six feet from the payment. While thus stopped, the lights were repaired so that those on the back of the towed vehicle would burn. The lights on the parked vehicles were left on, with flashing lights on the towing automobile. The deceased was on the shoulder and not the paved portion of the road at the time he was struck and killed by the automobile operated by Phillips.

Defendants' evidence tended to show that the investigating highway patrolman found no tire marks on the shoulder of the road near where the parked automobiles had been. Phillips had

been traveling toward Lenoir behind an automobile operated by Janet Walker (Walker) at a speed of between 45 and 50 miles per hour. Phillips testified:

"* * * I was following Janet and Sam. I couldn't say the definite speed I was running. I didn't see any people on or about the highway standing around the cars down there. Prior to passing Janet Walker's car, I looked to see if any cars were coming up the road. I blinked my lights, pulled out to pass. Yes, I blinked my lights. As I began passing Janet Walker's vehicle, as I got beside them, as I started by, I got beside her car and I heard this flapping sound, so I went on up the road and stopped and run back there. When I ran back there, I observed two hurt people laying in back of the '57 Chevy, behind the Chevy.

At no time did I ever see Mr. Vanhoy. At no time did my automobile ever leave the pavement.

I saw parking lights on the vehicles parked on the left side of the road. * * *"

Issues of negligence, contributory negligence and damages were submitted to the jury and answered in favor of the plaintiffs. From judgment on the verdict, the defendants appealed.

*Walter Zachary and R. Lewis Alexander for plaintiff appellees.*

*Smathers & Ferrell by Forrest A. Ferrell for defendant appellants.*

MALLARD, Chief Judge.

Defendants assign as error the failure of the trial judge to permit Steve Trivette (Trivette), one of defendants' witnesses who would have testified that "the next day, or the day after," he went back to the scene near where the "Chevy" was parked and that "around the white line there was some spots of blood there. There was glass all over the place."

[1] The rule is that whether evidence of the existence of a particular state of affairs at one time is competent as evidence of the same state of affairs at another time depends upon the length of time intervening, the showing, if any, as to whether in the meantime conditions had changed, the probability of

change and whether in view of the nature of the subject matter the condition would not ordinarily exist at the time referred to unless it had also existed at the prior time in question. *Jenkins v. Hawthorne,* 269 N.C. 672, 153 S.E. 2d 339 (1967); *Miller v. Lucas,* 267 N.C. 1, 147 S.E. 2d 537 (1966). "The question is one of the materiality or remoteness of the evidence in the particular case, and the matter rests largely in the discretion of the trial court." Stansbury, N. C. Evidence 2d, § 90.

[2]   Defendants used the investigating State Highway Patrolman as a witness, and this witness testified that he arrived on the scene just after Vanhoy had been placed in an ambulance. On cross-examination, he testified: "I didn't find any glass on the pavement, there could have been some, but I didn't find it. I didn't find any glass anywhere but in the car." This would indicate that if there were glass "all over the place," there must have been a change in the conditions existing at the scene between the time of the accident and the time Trivette made his belated examination thereof a day or two later. Furthermore, the fact that the witness Trivette would have testified that "(a)round the white line there was some spots of blood there" would have been of little, if any, substantial material value because it was stipulated that Vanhoy died as a result of a collision with the automobile being operated by Phillips, and defendant's exhibit number 1 is a color photograph that indicates there were broken white lines in the center of the road, and a white line on the outer edge of each side of the paved portion. Trivette did not specify on what white line the spots of blood were when he saw them a day or two later. We hold that the trial judge did not abuse his discretion and did not commit prejudicial error in failing to allow this testimony in evidence.

We hold that there was ample evidence to require submission of the case to the jury and that the trial judge properly submitted it on the three issues of negligence, contributory negligence, and damages. We have considered all of the appellants' assignments of error and are of the opinion that the defendants have had a fair trial free from prejudicial error.

No error.

Judges CAMPBELL and BROCK concur.