CORNELIA D. MARTIN, BY HER GUARDIAN AD LITEM, HAZELINE MARTIN v. AMUSEMENTS OF AMERICA, INC., MORRIS J. VIVONE, JOHNNY VIVONE, AND FERNANDO DOMINQUEZ

No. 7726SC908

(Filed 3 October 1978)

1. **Negligence § 27 — hiring practices in prior years — irrelevancy**

In an action to recover for personal injuries received by minor plaintiff when she fell from an amusement ride operated by defendant, the trial court properly excluded evidence of defendant's hiring practices and training procedures in years prior to the year in which the accident occurred, since such evidence was irrelevant to the issue of defendant's negligence at the time in question.

2. **Evidence § 19; Negligence § 27 — fall from amusement ride — testimony and film about another ride — no showing of similar conditions**

In an action to recover for personal injuries received by minor plaintiff when she fell from an amusement ride operated by defendant at a fair, the trial court erred in permitting an employee of a permanent amusement park to testify about a newer model of the ride located in the amusement park and in permitting the jury to view a film of the newer ride in operation, since there was no showing of similarity in operating conditions of the two rides. However, such error was not prejudicial to plaintiff where neither the testimony nor the film would unduly confuse or mislead the jury.

Martin v. Amusements of America, Inc.

**3. Games and Exhibitions § 2.1; Negligence § 53.6— patron of amusement park— duty of concessionaire**

   The patron of an amusement park occupies the status of an invitee, and this imposes the duty on the concessionaire to inspect the premises and devices and to exercise oversight and supervision over their operation. Moreover, the degree of care required of the concessionaire is affected by the fact that young children are permitted on an amusement ride and may require additional precautions not necessary in the case of adults or older children.

**4. Games and Exhibitions § 2.2; Negligence § 37.3— duty of operator of amusement ride to minor patron**

   The trial court adequately instructed the jury on the duty of care required of a concessionaire of an amusement ride toward a minor patron on such ride.

**5. Negligence § 40— instructions—negligence as a proximate cause**

   The trial court sufficiently instructed the jury that plaintiff need not prove that the negligence of defendant was the sole proximate cause of plaintiff's injury when it instructed that "there can be more than one proximate cause of an injury or damage" and that plaintiff had to prove that defendant's "negligence was one of the proximate causes and resulted in [plaintiff's] falling or being thrown from the ride in question."

**6. Negligence § 19; Parent and Child § 3— negligence of parent not imputed to child—instructions**

   In an action to recover for injuries suffered by minor plaintiff in a fall from an amusement ride, there was no necessity for the trial court to instruct the jury that any negligence by minor plaintiff's mother, who was on the ride with minor plaintiff, could not be imputed to minor plaintiff so as to bar his recovery where the court correctly and adequately instructed the jury with respect to multiple proximate causes of an injury as it related to the issue of negligence.

APPEAL by plaintiff from *Grist, Judge*. Judgment entered 6 June 1977 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 21 August 1978.

   This is a civil action wherein the minor plaintiff, Cornelia D. Martin, by and through her guardian ad litem, Hazeline Martin, the mother, seeks to recover damages for personal injuries allegedly sustained by the minor plaintiff as a proximate result of the defendants', Amusements of America, Inc., and Fernando Dominquez, negligent operation of an amusement park ride known as a Trabant. The defendants by answer denied negligence and alleged that any injuries to the minor plaintiff were caused by the sole negligence of the minor plaintiff's mother. Plaintiff introduced evidence tending to show that on 7 October 1972 the minor

plaintiff, twenty-two months of age, and her mother went to the Metrolina Fair in Charlotte and rode an amusement ride known as a Trabant. After the ride had gained momentum, the minor plaintiff fell or was thrown from the ride and sustained serious injuries to her hip.

Defendant offered evidence tending to show that, once seated on the ride, the minor plaintiff's mother had not kept an adequate hold on her child, and that she had diverted her attention from the child to save her wig just before the minor plaintiff fell from the ride.

The following issues were submitted to and answered by the jury as indicated:

1. Was the minor Plaintiff, Cornelia D. Martin, injured or damaged as the result of the negligence of the Defendants?

Answer: No

2. Was the mother of the minor Plaintiff, Hazeline Martin contributorily negligent?

Answer: [not answered]

3. What amount, if any, is Hazeline Martin, the mother of the minor plaintiff, entitled to recover as damages from the Defendants?

Answer: [not answered]

4. What amount, if any, is the minor Plaintiff, Cornelia D. Martin, entitled to recover as damages from the Defendants?

Answer: [not answered]

From a judgment entered on the verdict, plaintiff appealed.

*Haynes, Baucom, Chandler & Claytor, P.A., by W. J. Chandler, and Olive, Downer & Price, by Larry E. Price, for the plaintiff appellant.*

*Golding, Crews, Meekins, Gordon & Gray, by James P. Crews and Harvey L. Cosper, Jr., for the defendant appellee.*

HEDRICK, Judge.

[1]  The plaintiff's first two assignments of error concern evidentiary rulings by the trial court. Plaintiff objects first to the exclusion of deposition testimony relating to the hiring procedures of defendant on the grounds that such testimony was necessary to show that the "standard of care" of defendant in hiring and training ride operators was inadequate to ensure the safety of its patrons. We believe the trial court's exclusion of the offered testimony was proper as the evidence was irrelevant to the issue of defendant's negligence.

Evidence is relevant if it has any logical tendency, however slight, to prove or disprove the existence of a material fact in the case. *State v. Arnold*, 284 N.C. 41, 199 S.E. 2d 423 (1973); *State v. Zimmerman*, 23 N.C. App. 396, 209 S.E. 2d 350 (1974), *cert. denied*, 286 N.C. 420, 211 S.E. 2d 800 (1975); 1 Stansbury's N.C. Evidence § 77, at 234 (Brandis rev. 1973). The deposition testimony appellant argues was erroneously excluded relates to the hiring practices of defendant in years prior to 1972, the year in which the accident occurred. The hiring practices and training procedures used by the defendant in these earlier years are not a material issue in the case and such evidence lacks any significant probative value with regard to whether or not the defendant exercised reasonable care in selecting and training individuals to operate the Trabant in question in 1972. The trial court properly allowed plaintiff to introduce into evidence testimony of the ride foreman detailing the hiring and training of the two operators who were allegedly in control of the Trabant at the time of the accident, as this testimony was relevant to the issue of defendant's negligence in operating the amusement ride at the time of the injury to the minor plaintiff.

[2]  Plaintiff's second assignment of error is as follows:

The court committed error by the admission of evidence relative to the operation of an amusement ride known as the "Wagon Wheel" at Carowinds during the year 1977 and the subsequent admission of eight millimeter film to illustrate such testimony in that no foundation was laid to correlate the Trabant which was the subject of this action with the machine at Carowinds and there was no evidence of similar construction or mechanical operation.

The trial court, over objection of the plaintiff, permitted an employee of Carowinds amusement park to testify about a newer model Trabant known as a "Wagon Wheel" located at Carowinds and allowed the jury to view a film of the "Wagon Wheel" in operation. Plaintiff's primary objection is that this testimony and the film caused the jury to correlate "the sophisticated technology and managerial techniques utilized by Carowinds" with the "method of operation employed by a traveling carnival."

The rule in North Carolina is that evidence of similar occurrences or conditions may be admitted upon a showing of "substantial identity of circumstances and reasonable proximity in time." 1 Stansbury's N.C. Evidence § 89, at 277 (Brandis rev. 1973). *See also Jenkins v. Hawthorne*, 269 N.C. 672, 153 S.E. 2d 339 (1967); *Miller v. Lucas*, 267 N.C. 1, 147 S.E. 2d 537 (1966); *Vanhoy v. Phillips*, 15 N.C. App. 102, 189 S.E. 2d 557 (1972). We agree with the plaintiff that an insufficient foundation was laid for the admission of defendant's evidence with respect to the operation of the "Wagon Wheel" amusement ride. The testimony of the Carowinds employee was clearly irrelevant on the issue of defendant's negligence. The eight millimeter film, while relevant to illustrate the witness' testimony, was also irrelevant to the issue of defendant's negligence.

When the circumstances or conditions depicted by such evidence are so dissimilar that the evidence offered lacks substantial probative value, there arises the danger that the jury's confusion of the issues will outweigh any benefit to be derived from admitting the evidence, and in such a case the evidence should be excluded. *See Mason v. Gillikin*, 256 N.C. 527, 124 S.E. 2d 537 (1962); *Rouse v. Huffman*, 8 N.C. App. 307, 174 S.E. 2d 68 (1970); 1 Stansbury's N.C. Evidence § 89, at 281 (Brandis rev. 1973). Particularly with respect to the film, the danger of undue prejudice as a result of the jury's placing inordinate weight on it is always present in light of the tremendous dramatic impact of motion pictures. *See Balian v. General Motors*, 121 N.J. Super. 118, 296 A. 2d 317 (1972); Paradis, "The Celuloid Witness," 37 U. Colo. L. Rev. 235 (1965). We conclude that the trial court should have excluded this evidence as irrelevant.

The admission of evidence that is irrelevant or immaterial, however, is harmless unless it has a tendency to mislead or dis-

tract from the issue being tried to the prejudice of the objecting party. *Beanblossom v. Thomas*, 266 N.C. 181, 146 S.E. 2d 36 (1966); 1 Jones on Evidence § 4:6, at 395 (6th ed. 1972). "Not every erroneous ruling on the admissibility of evidence, however, will result in a new trial. The burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby." *Wilson County Board of Education v. Lamm*, 276 N.C. 487, 492, 173 S.E. 2d 281, 285 (1970); *Hunt v. Wooten*, 238 N.C. 42, 76 S.E. 2d 326 (1953); 1 Stansbury's N.C. Evidence § 9, at 20-21 (Brandis rev. 1973). Here plaintiff argues only that the evidence regarding the "Wagon Wheel" was "patently prejudicial."

While the film does show a more modern model of the Trabant, the machine depicted is not so dissimilar that we can assume automatically that its showing was unduly prejudicial to plaintiff. We conclude that on its face neither the testimony of the Carowinds employee nor the film's contents would unduly confuse or mislead the jury and that plaintiff has failed to demonstrate sufficient prejudice so as to require a new trial. Plaintiff's second assignment of error has no merit.

This disposition of assignment of error number two makes it unnecessary for us to discuss the other exceptions upon which this assignment of error is based.

By assignments of error three and four, plaintiff challenges the adequacy of the court's instructions to the jury. Plaintiff contends the court erred in "failing to adequately define the duty of care owed by the concessionaire, Amusements of America, Inc., to the minor plaintiff," in "failing to instruct the jury that the negligence of the guardian ad litem, if any, could not be imputed to the minor plaintiff," and in "refusing to incorporate the plaintiff-appellant's request for instructions into the charge as pertains to multiple proximate causes."

[3] It is clear that the patron of an amusement park occupies the status of an invitee; *Hahn v. Perkins*, 228 N.C. 727, 46 S.E. 2d 854 (1948), and this imposes the duty on the concessionaire to inspect the premises and devices and to exercise oversight and supervision over their operation. *Revis v. Orr*, 234 N.C. 158, 66 S.E. 2d 652 (1951). In *Dockery v. World of Mirth Shows, Inc.*, 264 N.C. 406, 413, 142 S.E. 2d 29, 34 (1965), the court stated:

An owner or general concessionaire is not an insurer of the safety of invitees. His duty is that of reasonable care under the circumstances. Where, for instance, the instrumentality or device is inherently dangerous and the patrons are children of tender years, the care exercised must be commensurate with the peril and likelihood of injury.

Courts of other states that have confronted this issue have also held that the standard of care required of the concessionaire is affected by the fact that children are permitted on the amusement ride and may require additional precautions not necessary in the case of adults or older children. *See e.g., Thomas v. Pacheco,* 163 Colo. 170, 429 P. 2d 270 (1967); *Brown v. Columbia Amusement Co.,* 91 Mont. 174, 6 P. 2d 874 (1931).

[4] An examination of the charge reveals that the court quite thoroughly and adequately instructed on the duty of care required. In addition to the above quoted language, the court charged the jury with respect to the duty owed to children:

In the operation of an amusement ride it is the duty of the operator to be alert and to exercise reasonable care to see that the riders are safe during the operation, and if such an operator invites children who have not reached an age where they are to understand and appreciate and avoid danger incident to a device to which they are thus invited, ordinary care should dictate that he must take such steps as are necessary for their protection.

The portion of the court's charge dealing with the duty of care owed by the concessionaire is fully in accord with the law and plaintiff's assignment of error relating thereto is overruled.

[5] Plaintiff also challenges the court's instructions to the jury regarding multiple proximate causes. Plaintiff's primary objection is that the court failed to give the requested instruction that plaintiff "need not prove that the negligence of [defendant] was the *sole* proximate cause of the injury." The court instructed the jury that "there can be more than one proximate cause of an injury or damage" and that plaintiff had to prove that defendant's "negligence was *one* of the proximate causes and resulted in [plaintiff's] falling or being thrown from the ride in question." (emphasis added).

The court is not required to give the instructions requested in the exact language of the request, it being sufficient if the pertinent and applicable instructions requested are given substantially in the charge. *King v. Higgins*, 272 N.C. 267, 158 S.E. 2d 67 (1967). This assignment of error likewise is without merit.

[6] Plaintiff also assigns as error the failure of the trial court to include in its charge an instruction that any negligence of the plaintiff's mother could not be imputed to the minor plaintiff. Although the plaintiff did not specifically request such an instruction, it now contends that the omission was error as a matter of law.

It is the duty of the court to charge the law applicable to the substantive features of the case arising on the evidence without special request and to apply the law to the various factual situations presented by the evidence. G.S. § 1A-1, Rule 51(a); *Investment Properties of Asheville, Inc. v. Norburn*, 281 N.C. 191, 188 S.E. 2d 342 (1972); *Panhorst v. Panhorst*, 277 N.C. 664, 178 S.E. 2d 387 (1971).

It is true, as plaintiff contends, that North Carolina follows the majority rule that the negligence of a parent, guardian, or other custodian of a child non sui juris in permitting the child to be exposed to danger cannot be imputed to the child so as to preclude an action by the child against a third party whose negligence has resulted in injury to it. *Davis v. Seaboard Airline Railroad Co.*, 136 N.C. 115, 48 S.E. 591 (1904).

Since the court correctly and adequately instructed the jury with respect to multiple proximate causes of an injury as it related to the first issue, there was no necessity for the trial court to instruct the jury that any negligence of the mother could not be imputed to the infant plaintiff so as to bar its recovery. Such an instruction on the first issue would have been surplusage.

We hold the plaintiff had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge ARNOLD concur.