Brower v. Sorenson-Christian Industries

ROGER BROWER, TRADING AS BROWER ELECTRONICS LABORATORIES v. SORENSON-CHRISTIAN INDUSTRIES, INC.

No. 8210SC371

(Filed 15 March 1983)

Contracts § 26.2— action on oral contract—relevancy of evidence

In an action to recover the balance due on an alleged oral contract to build on a cost of materials and services basis a back-up scoreboard console for a console installed by plaintiff in Portland, Maine or, alternatively, the reasonable value of materials and services furnished by plaintiff, testimony by plaintiff concerning maintenance work he had previously done for defendant on a scoreboard in Richmond on a "time basis" without a limit as to the total amount for such work and concerning cost overruns and losses sustained by plaintiff on the contract for construction of the original scoreboard console and the fact that plaintiff had borrowed money personally to keep his business going was relevant to show the existence and terms of an express oral contract, the reasonable value of services rendered on the project, and plaintiff's motive in insisting on certain terms in the contract.

APPEAL by defendant from *Brannon, Judge.* Judgment entered 3 December 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 15 February 1983.

This is an action seeking the recovery of the balance due on an alleged oral contract or, alternatively, the fair and reasonable value of the cost of materials supplied and services performed.

Plaintiff presented evidence tending to show that he orally contracted with defendant to build, on a cost and materials basis, a back-up scoreboard console to a console installed in a coliseum in Portland, Maine that he had originally constructed. Defendant has paid him $12,300 but still owes $13,648.20 on the project. In plaintiff's opinion, the reasonable value of the materials and services amounted to $25,948.20.

Defendant presented evidence tending to show that the parties orally contracted on a fixed price basis, with the price not to exceed $12,500.

The jury found that there was no express oral contract; however, it found that plaintiff did provide goods and services to the defendant under circumstances that the defendant should be required to pay for them and that plaintiff was entitled to recover $12,977.20 from defendant. Judgment was entered accordingly.

Defendant appeals.

*Skvarle, Boles, Wyrick & From, by Samuel T. Wyrick, III and Robert A. Ponton, Jr., for plaintiff-appellee.*

*Johnson and Johnson, by Sandra L. Johnson and W. A. Johnson, for defendant-appellant.*

ARNOLD, Judge.

Defendant brings forward two related assignments of error. First, defendant contends that the trial court erred in allowing plaintiff to testify that he previously had done some work for defendant on a scoreboard in Richmond on a "time basis," and that there had been no limit on the amount he could recover for work done on that project. Defendant argues that the testimony was not relevant since there was no showing that the Richmond contract was substantially identical to the present contract. In fact, plaintiff testified on cross-examination that the Richmond contract only involved scoreboard maintenance. Defendant argues that the admission of this testimony was prejudicial because it tended to confuse the jury. Second, defendant contends that the court erred in admitting testimony by the plaintiff regarding the existence and the amount of cost overruns and losses sustained by plaintiff on the contract for the original construction of the scoreboard console in Portland, Maine, and the fact that plaintiff had borrowed money personally to keep his business going. Defendant argues that this testimony lacked sufficient probative value to overcome its inflammatory effect upon the jury. We disagree.

Ordinarily, evidence of all the facts and circumstances surrounding the parties at the time of the making of a contract which are necessary to be known to properly understand their conduct and motives is relevant and admissible. *McCorkle v. Beatty*, 226 N.C. 338, 38 S.E. 2d 102 (1946). Evidence is relevant if it has any logical tendency, however slight, to prove or disprove the existence of a material fact in the case. *Martin v. Amusements of America, Inc.*, 38 N.C. App. 130, 247 S.E. 2d 639, *disc. rev. denied*, 296 N.C. 106, 249 S.E. 2d 804 (1978). Relevant evidence will not be excluded simply because it may tend to prejudice the opponent or excite sympathy with the jury for the cause of the party offering it. 1 Brandis, North Carolina Evidence Sec. 80 (2d Rev. Ed. 1982).

Applying these principles, we conclude that the challenged portions of plaintiff's testimony were relevant and admissible since they had a logical tendency to prove the existence and terms of an express oral contract and the reasonable value of the services rendered on the project in question, and to show plaintiff's motive in insisting on certain terms in the contract. Plaintiff's failure to prove an express oral contract on an unlimited price basis should have no effect upon the determination of relevance; however, it does tend to show that the jury was not influenced by the admission of the testimony to defendant's prejudice.

No error.

Judges BECTON and PHILLIPS concur.